O. GENEVIEVE BRAND

*v.*

THE CONSOLIDATED COAL COMPANY OF ST. LOUIS.

*Opinion filed February 21, 1906.*

1. PARTITION—*when bill to partition interest in coal cannot be maintained.* A bill to partition coal in place, which alleges a conveyance by complainant to defendant of the right to mine three-fourths of the coal under her lands, cannot be maintained where the bill alleges that the defendant has mined and removed a portion of the coal, the quantity of which is unknown to complainant, instead of alleging that defendant had mined and removed a portion of the three-fourths of the coal it had the right to mine, since there is in such case nothing to show that any part of the three-fourths remained in place under the lands.

2. SAME—*co-tenancy is essential to the right to partition coal in place.* To entitle a complainant to a partition of coal in place, the title to which has been severed from the title to the surface, it must be shown that the complainant and defendant are tenants in common of the coal.

APPEAL from the Circuit Court of Macoupin county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

R. E. DORSEY, and PEEBLES & PEEBLES, for appellant.

BELL & BURTON, and FORMAN & WHITNEL, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Macoupin county sustained the demurrer of appellee, the Consolidated Coal Company, to the amended bill of appellant, O.. Genevieve Brand, for partition, and appellant having elected to stand by the bill, it was dismissed, and this appeal followed.

We are not obliged to go to any other source than the abstract for a full understanding of the questions to be decided, and in this case the contents of the bill and exhibits have been so meagerly and insufficiently abstracted by ap-

pellant that we would have been justified in affirming the
decree on that ground; but waiving the application of the
rule, we are of the opinion that the court did not err in
sustaining the demurrer and dismissing the bill.  The mate-
rial averments of the bill are, that the complainant was the
owner in fee of certain lands, and on August 6, 1884, exe-
cuted a deed to B. L. Dorsey & Sons, granting and convey-
ing to them the right to mine and remove three-fourths of
the coal underlying the said lands; that B. L. Dorsey &
Sons formed a corporation called the Dorsey Coal Company;
that on September 8, 1886, the corporation conveyed to the
defendant, the Consolidated Coal Company, the right to
mine and remove three-fourths of the coal in the vein then
being mined and worked by the Dorsey Coal Company un-
der said lands, with a provision that the defendant should so
mine the coal as to leave at least one-fourth of all of said
vein in position and place as would sufficiently support the
surface of said lands, so as to prevent injury thereto or to
buildings thereon, and that defendant had mined and re-
moved a portion of said coal, the exact amount of which or
the area from which the coal had been removed being un-
known to the complainant.  The conclusions of law set up in
the bill were, that the effect of said conveyances was to vest
in defendant the title to three-fourths of the coal underlying
said lands, and that as to said coal complainant became a
tenant in common with the defendant.  She stated that for
the purpose of a partition of the coal she elected to treat her
undivided one-fourth as severed from the surface and con-
stituting a separate estate, and she prayed for a partition of
the coal underlying the land between herself and defendant.

Coal in place underlying land and constituting a sub-
stratum of the real estate is itself real estate which may be
severed from the surface, and the title thereto may be in one
person while the right and title to the surface are in another.
In case of such a severance there are two separate estates,
each of which may be conveyed by deed or devised by will,

or may pass to the heir under the statutes of descent. (*In re Major,* 134 Ill. 19.) Tenants in common of coal beneath the soil which has been severed from the surface are entitled to a partition, but they must be tenants in common to have that right. (*McConnell* v. *Pierce,* 210 Ill. 627.) In this case the complainant conveyed the right to mine and remove three-fourths of the coal under the lands, and was still the owner of the remaining one-fourth and the surface, which together constituted a single estate. There may be a severance by conveyance or adverse possession, but there had been no severance of the estate of the complainant in the coal from her estate in the surface. It has been held that the court, in a partition proceeding, may, with the consent of the parties, sever the underlying coal from the surface and give the surface to one and the coal to another. (*Ames* v. *Ames,* 160 Ill. 599.) But in this case no consent of the defendant to a severance was alleged. It is apparent that the averments of the bill raise questions whether complainant was a tenant in common with the defendant while her one-fourth had not been severed from the surface except by her election to treat it as severed for the purpose of a partition, and while the only right of defendant, under its conveyance from the Dorsey Coal Company, was to mine and remove three-fourths of the coal and to leave one-fourth in place as a support to the surface. These questions have been argued by counsel, but we do not consider it necessary to decide them, for the reason that the bill does not show that the three-fourths of the coal, or any part of it, is real estate still in place under the soil. The deed of the Dorsey Coal Company, made about nineteen years ago, shows that the corporation was then mining the coal, and the bill avers that the defendant mined and removed a portion of the coal under the land, the amount and area of which were unknown to the complainant. The averment being that the defendant has mined and removed a portion of the coal underlying the surface, and not merely a portion of the three-fourths which

it had a right to mine and remove, there is nothing from which the court could say that any of the three-fourths remained in place under the lands. There could be no partition of coal that had been removed, and the bill fails to allege that there is anything remaining to be partitioned, and therefore fails to show that complainant and defendant are tenants in common of the coal.

The decree is affirmed.

*Decree affirmed.*