# Ernest A. Ibbetson, Appellant, v. E. A. Knodle, Appellee.

1. VENDOR AND PURCHASER, § 209*—*what effect of recording of deed.* The recording of a deed is only constructive notice and preserves the rights of the grantee in such deed and does not affect the rights of the grantor and a subsequent grantee as to covenants of warranty between the parties.

2. COVENANTS, § 31*—*when recovery for breach of not denied.* Mere knowledge on the part of the covenantee of facts that will constitute a breach of covenant will not prevent a recovery for the breach.

3. DEEDS, § 82*—*what effect of provision of Mining Act as to extent of title to land under statutory warranty deed.* The provisions of sections 6 and 7 of chapter 94 of the Mining Act (J. & A. ¶¶ 7538, 7539), providing that mining rights in land may be conveyed by deed and that when they are conveyed separately from the land such rights and the land itself shall be assessed separately, have no bearing as to the extent or quality of title deemed to have been conveyed by warranty deed in fee simple in statutory form as provided by section 9 of the Act entitled "Conveyances" (J. & A. ¶ 2240).

4. COVENANTS, § 29*—*what constitutes breach of warranty of title and against incumbrances.* A conveyance by deed of coal underlying land together with the right of removing it, and such other material as might be necessary to properly mine it, *held* a breach of warranty of title and against incumbrances in a subsequent deed conveying the land in fee simple by warranty deed in statutory form.

Appeal from the Circuit Court of Moultrie county; the Hon. WILLIAM K. WHITFIELD, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded with directions. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

VICTOR HEMPHILL and F. M. HARBAUGH, for appellant.

E. J. MILLER and LANE, DRYER & BROWN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an action of covenant brought by Ernest A. Ibbetson against E. A. Knodle. The declaration contains two counts substantially alike, and avers that on April 2, 1913, defendant conveyed to plaintiff by a warranty deed, in statutory form, a certain described tract of two hundred acres of land in Montgomery county for the consideration of $8,000, and that the defendant by said deed for said consideration covenanted that the land so conveyed was free and clear of all other grants, sales and incumbrances. It further avers that in February, 1913, the defendant, then being the owner of said land in fee simple, did for a valuable consideration sell and convey by a deed to Robert R. Hammond all coal, below the depth of one hundred twenty-five feet under the surface of said land, with the right to mine and remove the same, and such other material as might be necessary in order to properly mine and remove said coal under said land, all without liability for damage to the surface, as will appear by said deed filed for record in the recorder's office of Montgomery county on February 6, 1913; that such interest in said land, so conveyed to said Hammond, was at the time of the execution of the deed to plaintiff and still is outstanding in said Hammond, and is valid and enforceable against the said land and the owner thereof; that said interest so conveyed to Hammond in said land and the coal so underlying has never been reacquired by defendant, and that the right to mine and remove said coal, without liability for damages to the surface conveyed by said deed to said Hammond, is a covenant running with the land and its title, and constitutes a valuable estate and interest in said land of the value of $2,000, and so plaintiff says defendant has broken his covenant to the damage, etc.

The defendant demurred to the declaration and for special cause states that the title to the coal has been

severed from the title to the surface before the making of the deed to plaintiff.

The court sustained the demurrer and plaintiff abiding by his declaration, judgment was rendered that plaintiff take nothing by his suit. The plaintiff appeals.

Appellant contends that a general warranty deed, in the form prescribed by the statute, is a conveyance in fee simple with covenants on the part of the grantor; that at the time of the making and delivery of such deed he was lawfully seized of an indefeasible estate in fee simple; that the covenant of seizin in a warranty deed is as broad as the conveyance, and extends to all such things as should pass by a conveyance of the freehold, and if things, which are a part of the land which would properly pass by the conveyance are not owned by the grantor, there is a breach of the covenant.

The contention of appellee is that by reason of the prior conveyance of all the coal and mining rights to Hammond, which was known to appellant, as set forth in the declaration, the appellee by his act had severed the title and estate in the coal from the title and estate in the surface "and that as a matter of law a subsequent conveyance of the surface of said lands by warranty deed, in statutory form, would not convey or purport to convey the entire estate," and that by the deed to appellant, the appellee is not deemed and held to have conveyed in fee simple the coal and mining rights below the surface of the land described, with covenants of seizin and for possession of the coal.

Appellee assumes that appellant had actual notice of the prior deed to Hammond. There is no averment that appellant had such notice. The averment is that the deed was recorded on February 6, 1913. The recording of a deed is only constructive notice and preserves the right of the grantee in such deed and does not affect the rights of the grantor and a subsequent grantee as to covenants of warranty between the par-

ties. Mere knowledge on the part of the covenantee of facts that will constitute a breach of a covenant will not prevent a recovery for such breach. *Beach v. Miller*, 51 Ill. 206; *Weiss v. Binnian*, 178 Ill. 241; *Wadhams v. Swan*, 109 Ill. 46; note to *Brown v. Taylor* (Tenn.) 4 L. R. A. (N. S.) 309; *Herzog v. Marx*, 202 N. Y. 1.

Section 9 of the Act (J. & A. ¶ 2240) entitled "Conveyances" provides that warranty deeds substantially in the form prescribed by the statute, "when otherwise duly executed, shall be deemed and held a conveyance in fee simple, to the grantee, his heirs or assigns, with covenants on the part of the grantor, (1) that at the time of the making and delivery of such deed he was lawfully seized of an indefeasible estate in fee simple, in and to the premises therein described, and had good right and full power to convey the same; (2) that the same were then free from all incumbrances; and (3) that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession of such premises, and will defend the title thereto against all persons who may lawfully claim the same. And such covenants shall be obligatory upon any grantor, his heirs and personal representatives, as fully and with like effect as if written at length in such deed."

Sections 6 and 7 of chapter 94 (J. & A. ¶¶ 7538, 7539) entitled "Mines," provide that mining rights in land may be conveyed by deed, and when a mining right has been conveyed then the mining rights and the surface shall be assessed separately. These provisions do not control the provisions of the statute regarding the manner of making conveyances. The ownership of the surface and the mineral rights are severed by a conveyance by the owner, in which he either conveys the mining rights only, or conveys the surface and reserves the mining rights from the effect of the conveyance.

" 'Coal in place underlying land and constituting a substratum of the real estate is itself real estate, which may be severed from the surface, and the title thereto may be in one person while the right and title to the surface are in another. In case of such a severance there are two separate estates, each of which may be conveyed by deed or devised by will, or may pass to the heir under the statutes of descent.' *Brand v. Consolidated Coal Co. of St. Louis,* 219 Ill. 543; *Ames v. Ames,* 160 Ill. 599.

"The covenant of seizin in a warranty deed is as broad as the conveyance, and if things, which are apparently part and parcel of the land, so as to come within the description of the granted premises, and which would properly pass by the conveyance, are not owned by the grantor, there is a partial breach of the covenant. 8 A. & E. Encyc. of Law 92; *Tone v. Wilson,* 81 Ill. 529; *Lloyd v. Sandusky,* 203 Ill. 621. Covenant is 'an assurance that the grantor has the very estate in quantity and quality which he purports to convey.' 8 A. & E. Encyc. of Law 90."

The deed to appellant did not limit the property conveyed to the surface of the land. It would have conveyed and vested the title to the coal under the land conveyed in appellant, except for the fact that the grantor had previously conveyed his title to the coal by a deed to Hammond which had been recorded. Appellee by the deed to appellant covenanted that he had an indefeasible estate in the whole of the premises described. He had devested himself of the title to the coal which constituted a part of the premises conveyed. The conveyance of the coal constituted an incumbrance on the title. *Strambaugh v. Smith,* 23 Ohio St. 584.

In *Lloyd v. Sandusky,* 203 Ill. 621, s. c. 95 Ill. App. 593, Lloyd brought suit against Sandusky to recover damages for a breach of a covenant of seizin upon the ground that the title to the soil and the minerals had been severed, and the latter sold to another. A judgment for a nominal sum was affirmed, when the de-

fense was, that the consideration was paid for the surface only.

The deed, which is the foundation of this suit, conveys the land described when the appellee had previously conveyed the coal thereunder which is a part thereof. The conveyance to Hammond was a breach of the covenant of warranty. The declaration stated a good cause of action and it was error to sustain the demurrer. The judgment is reversed and the cause remanded with instructions to overrule the demurrer.

*Reversed and remanded with directions.*