27 August 1999

NO. 5-98-0493

IN THE 

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

J. GLENN DUNN, ) Appeal from the Circuit Court of 

) Crawford County.

Plaintiff-Appellant,      )

)

) No. 97-CH-2

)

TERRY L. PATTON, PATTY J. PATTON, )

J. BRUCE DUNN, CHARLES P. )

FARRELL, AMBANK ILLINOIS, N.A., )

and Unknown Owners, ) Honorable

) David M. Correll,

Defendants-Appellees. ) Judge, presiding.

___________________________________________________________________________

JUSTICE HOPKINS delivered the opinion of the court:

Plaintiff, J. Glenn Dunn, appeals from the trial court's order granting the motion of defendants Terry Patton and Patty Patton to dismiss his complaint.  On appeal, plaintiff contends that the court's granting of the motion to dismiss was error.  In addition, defendants Terry Patton and Patty Patton, the only defendants who participate in this appeal, assert that this court has no jurisdiction to consider plaintiff's appeal since plaintiff filed his notice of appeal more than 30 days after entry of a final order.  

FACTS

Plaintiff owns one-half of the mineral rights under real estate owned by Terry and Patty Patton.  Terry and Patty own the other half of the mineral rights, in addition to the surface rights of the property.  Plaintiff filed a complaint to partition his mineral rights from Terry's and Patty's mineral rights.  Terry and Patty filed a motion to dismiss, alleging that because Terry and Patty owned the surface rights of the real estate in addition to one-half of the mineral rights, there is no estate for the mineral rights separate from the surface estate, which prevents a partition of the mineral rights as a matter of law.  

The trial court, after a hearing on the motion to dismiss on October 28, 1997, took the matter under advisement.  Subsequently, a written order by the judge, file-stamped  December 5, 1997, granted defendants' motion to dismiss plaintiff's complaint.  On July 27, 1998, plaintiff filed his notice of appeal.  

ANALYSIS

1.  Jurisdiction

We first consider defendants' assertion that this appeal should be dismissed for lack of jurisdiction because plaintiff's notice of appeal was not timely filed.  Defendants also filed a motion to dismiss the appeal in this court in August 1998.  Plaintiff responded to the motion, and this court, without explanation, denied defendants' motion to dismiss the appeal.  Defendants have raised the jurisdictional issue again in their brief, and since a motion to dismiss made in a reviewing court is not unassailable and can be reconsidered (see 
People v. Nichols
, 143 Ill. App. 3d 673 (1986)), we reconsider this issue more fully at this time.  

The sequence of events is as follows: On October 28, 1997, a hearing was held on defendants' motion to dismiss plaintiff's complaint.  At that time, the trial court took the matter under advisement.  The record indicates that the court did not direct either party to draft an order, but instead, the court prepared its own order.  The court's order was file-

stamped December 5, 1997.  A notation on the record sheet dated December 5, 1997, states as follows: "Order entered and filed.  ([E]ntry made 6-29-98)."  Defendants, in their attorney's affidavit, stated that they received a copy of the December 5, 1997, order on December 12, 1997.

Affidavits were filed by plaintiff, plaintiff's attorney, and plaintiff's attorney's secretary  in opposition to defendants' motion to dismiss in this court.  In plaintiff's affidavit, plaintiff asserted that on December 16, 1997, and January 22, 1998, he went to the circuit clerk's office and inquired whether an order had been entered on defendants' motion to dismiss.  On both occasions, plaintiff was told by an employee in the circuit clerk's office that no order had been entered by the judge and that plaintiff's attorney would be sent a copy of the order when it was ready.  Plaintiff told his attorney what he was told by the circuit clerk employee.  

Jeanette Levi, plaintiff's attorney's secretary, stated in her affidavit that she telephoned the circuit clerk's office on May 28, 1998, and asked if an order had been entered in this case.  Jeanette also was told by an employee of the circuit clerk's office that no order had been entered and that a copy of the order would be mailed to plaintiff's attorney when  an order was entered.  

Plaintiff's attorney asserted in his affidavit that on June 23, 1998, he sent a letter to the circuit clerk.  In the letter, plaintiff's attorney stated that no order had been entered as of the date of his letter and he asked if the file had been misplaced.  Plaintiff's attorney asked the circuit clerk to bring the file to the judge's attention for the purpose of entering an order.  Plaintiff's attorney followed up his letter with a call to the circuit clerk's office on June 26, 1998, to inquire if his letter had been received.  Plaintiff's attorney was told by an employee of the circuit clerk's office that his letter had been received; that the judge had not yet entered an order; and that plaintiff's attorney's letter and the file in the case would be brought to the judge's attention as soon as the judge was available.  Subsequently, on June 29, 1998, an employee of the circuit clerk's office called plaintiff's attorney and advised him that his letter and the file in this matter had been presented to the judge that day and that the judge discovered the order of December 5, 1997, in the file.  The employee also told plaintiff's attorney that the judge made an entry on the record sheet giving the effective date of the December order as June 29, 1998.  When plaintiff's attorney asked the circuit clerk employee where the file had been from December 5, 1997, until June 29, 1998, the employee could offer no explanation as to the whereabouts of the file or why the order had not been discovered earlier.  

Plaintiff also submitted a copy of the record sheet.  On the record sheet, in addition to the entry dated December 5, 1997, an entry was also made on June 29, 1998.  The June 1998 entry bears the judge's signature and states as follows: "Copy of order having not been provided[,] order of 12/5/97 effective this date."  A notation after this entry indicates that a copy of the order was then "faxed" to plaintiff's attorney and a copy of the order was placed in defendants' counsel's "box."  Plaintiff filed his notice of appeal on July 27, 1998.  

Defendants contend this court has no jurisdiction because December 5, 1997, was the effective date of the order and plaintiff did not file his notice of appeal until July 27, 1998, more than 30 days after the order was entered.  Plaintiff argues that the December 5, 1997, order was not made public until June 29, 1998, and that, therefore, the 30-day time for filing the notice of appeal did not commence until that date and that his notice of appeal was timely filed.  

The rules governing appeals are to be strictly complied with, and neither a circuit court nor an appellate court has the authority to excuse compliance with the filing requirements of the rules.  See 
Clark v. Han
, 272 Ill. App. 3d 981 (1995).  The timely filing of a notice of appeal is mandatory and jurisdictional.  See 
Clark
, 272 Ill. App. 3d at 984.  Supreme Court Rule 303(a) requires that a notice of appeal be filed within 30 days from the entry of final judgment.  155 Ill. 2d R. 303(a).  The effective date of the judgment or order denying a posttrial motion determines the time for filing a notice of an appeal under Rule 303(a).  See 
Granite City Lodge No. 272, Loyal Order of Moose v. City of Granite City
, 141 Ill. 2d 122 (1990).  The effective date of a final judgment is when the court's action is publicly expressed, in words and at the situs of the proceeding.  See 
Granite City Lodge, 
141 Ill. 2d at 123.  "A judgment 'becomes public at the situs of the proceeding when it is filed with the clerk of the court.'" 
Granite City Lodge
, 141 Ill. 2d at 126, quoting 
People ex rel. Schwartz v. Fagerholm
, 17 Ill. 2d 131, 137 (1959).  

Here, the judgment was entered by the trial court on December 5, 1997, according to the file-stamp date on the order.  However, the entry on the record sheet of December 5, 1997, indicates that the December entry of the order on the record sheet was not actually made until June 29, 1998.  While defendants received a copy of the order in December 1997, plaintiff clearly did not.  Because the judgment required no further action on the part of defendants, plaintiff was not put on notice of the entry of the order by any effort by defendants to execute the judgment.  Plaintiff made diligent efforts to monitor his case, which were fruitless through no fault of his own.  Plaintiff's first effort to discover the order was made within the 30-day period after the entry of the judgment.  Since the December order was not entered on the record sheet of the case until June 29, 1998, he could not discover the entry of the written judgment by examining the record sheet.  Defendants are correct that the failure of a court or the circuit clerk to notify a party of the entry of an order does not excuse the failure to timely file a notice of appeal.  See 
Mitchell v. Fiat-Allis, Inc.
, 158 Ill. 2d 143 (1994).  However, we find that  plaintiff's diligent efforts to ascertain the status of his case (see 
Mitchell
, 158 Ill. 2d at 151), corroborated by the entries on the record sheet, prove that the December judgment was not made public, in words, at the situs of the proceedings, until June 29, 1998.  Therefore, the effective date of the judgment was June 29, 1998.  Plaintiff's notice of appeal was timely filed within 30 days of the June 29, 1998, effective date, and this court has jurisdiction to consider plaintiff's appeal.  The denial of defendants' motion to dismiss plaintiff's appeal is reaffirmed.    

2.  Motion to dismiss the complaint

Plaintiff contends that the trial court's grant of defendants' motion to dismiss his complaint was error.  Plaintiff contends that the mineral interests owned by him and defendants are "land, tenements, and hereditaments" under Illinois the statutory law and are subject to partition.  See 735 ILCS 5/17-101 (West 1996).  Plaintiff also contends that he and defendants are tenants in common of the mineral interests under the land.  Therefore, plaintiff argues that he has a right to partition his mineral interests and that his complaint for partition should not have been dismissed as a matter of law. 

A motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 1996)) poses the question of whether a defendant is entitled to a judgment as a matter of law.  See 
Storm & Associates, Ltd. v. Cuculich
, 298 Ill. App. 3d 1040 (1998).  Appellate review of a dismissal of a complaint pursuant to section 2-619 takes all well-pleaded facts as true and draws all reasonable inferences in favor of the plaintiff.  See 
Cuculich
, 298 Ill. App. 3d at 1047.  If the resolution of the motion involves only a question of law, appellate review is 
de novo
.  See 
Cuculich
, 298 Ill. App. 3d at 1047.  

Here, plaintiff is correct that the mineral rights are considered real estate and that as an estate they may be subject to partition.  See 
Brand v. Consolidated Coal Co.
, 219 Ill. 543 (1906).  However, to be subject to partition, the owners of the mineral rights must be tenants in common, and the mineral rights must have been severed from the surface estate.  See 
Brand
, 219 Ill. at 545.  In the case 
sub judice
, the mineral estate has not been completely severed from the surface estate, since defendants own the surface rights and one half of the undivided mineral rights.  Thus, without complete severance of the mineral rights from the surface rights, plaintiff has no right to partition.  

Further, we find that plaintiff and defendants are not tenants in common of the mineral rights.  "Tenancy in common" is defined as follows:

"Where property is held by several and distinct titles by unity of possession, neither knowing his own severally, and therefore they all occupy promiscuously.  [Citation.]  The holding of an estate in land by different persons under different titles, but there must be unity of possession and each must have right to occupy the whole in common with his cotenants.  [Citation.]"  Black's Law Dictionary 1635 (4th ed. 1968).

Under the foregoing definition, plaintiff and defendants are not tenants in common.  Where a party owns both the surface rights and a portion of the mineral rights beneath the surface, the surface rights and the mineral rights consist of a single estate.  See 
Brand
, 219 Ill. at 545.  Here, plaintiff did not have the right to occupy the whole of defendants' estate, consisting of all of the surface rights and one half of the undivided mineral rights.  Therefore, plaintiff was not a tenant in common with defendants, and his partition action is barred as a matter of law.  See 
Brand
, 219 Ill. at 545.  

Thus, the trial court was correct in dismissing plaintiff's complaint for partition, as plaintiff's complaint was barred as a matter of law.  

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Crawford County is affirmed.  

Affirmed. 

GOLDENHERSH and KUEHN, JJ., concur.