THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL K. REDMOND, Defendant-Appellant.

Second District   No. 2—00—1183

Opinion filed March 18, 2002.

G. Joseph Weller and Thomas A. Lilien, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (John X. Breslin and Robert M. Hansen, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GROMETER delivered the opinion of the court:

Defendant, Michael K. Redmond, appeals from the judgment of the circuit court of Du Page County dismissing, without an evidentiary hearing, his *pro se* petition for relief filed pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122—1 *et seq*. (West 2000)). On appeal, defendant argues (1) his failure to receive timely notice of the initial order dismissing his petition requires a remand for further proceedings under the Post-Conviction Hearing Act; (2) Public Act 83—942 (Pub. Act 83—942, eff. November 23, 1983), which amended the Post-Conviction Hearing Act, violates the single subject rule of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)); and (3) the imposition of a consecutive sentence by the trial court violated the ruling in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We agree with defendant's first contention. Accordingly, we vacate the judgment of the circuit court and remand the cause for further proceedings.

In February 1998, defendant was charged by indictment in the circuit court of Du Page County with aggravated battery (great bodily

harm) (720 ILCS 5/12—4(a) (West 1998)) and aggravated battery to a peace officer (720 ILCS 5/12—4(b)(6) (West 1998)). While defendant was out on bond for the Du Page County offenses, he was charged with and pleaded guilty to aggravated battery in the circuit court of Cook County. The Cook County court sentenced defendant to three years' imprisonment.

Meanwhile, following a bench trial, the circuit court of Du Page County convicted defendant of both aggravated battery (great bodily harm) and aggravated battery to a peace officer. The trial court sentenced defendant to five years' imprisonment on each conviction, the sentences to run concurrently. In addition, the court ordered defendant's sentences to run consecutively to the three-year prison term imposed by the circuit court of Cook County. This court affirmed on direct appeal. *People v. Redmond*, No. 2—99—0301 (2000) (unpublished order under Supreme Court Rule 23).

On February 10, 2000, while his direct appeal was pending, defendant filed a *pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 2000)). Defendant alleged that trial counsel was ineffective for failing to raise the affirmative defense of involuntary intoxication. On February 28, 2000, the trial court dismissed defendant's petition as frivolous and patently without merit (see 725 ILCS 5/122—2.1(a)(2) (West 2000)) because the record disclosed that trial counsel did raise the affirmative defense of involuntary intoxication. Apparently, defendant was never served with the order of dismissal by certified mail within 10 days of its entry as mandated by section 122—2.1(a)(2) of the Act (725 ILCS 5/122—2.1(a)(2) (West 2000)).

On June 23, 2000, defendant filed a *pro se* motion to vacate the judgment dismissing his petition for postconviction relief. Defendant asserted that he did not receive notice of the dismissal as required by section 122—2.1(a)(2) of the Act. According to defendant, he learned of the status of his petition only in May 2000, when the Department of Corrections (DOC) instituted proceedings against him to revoke 180 days of good-conduct credit for filing a frivolous petition. See 730 ILCS 5/3—6—3(d) (West 2000). Eventually, the DOC revoked 180 days of good-conduct credit. Defendant claimed that his failure to receive notice of the dismissal deprived him of his right to appeal and resulted in the revocation of 180 days of good-conduct credit. Defendant sought an order (1) vacating the February 28, 2000, order and (2) restoring the 180 days of good-conduct credit revoked by the DOC.

On July 21, 2000, defendant appeared before Judge Bakalis. At the hearing, the State recognized that defendant had not been sent timely notice of the February 28, 2000, order of dismissal. To give de-

fendant an opportunity to appeal the dismissal of his postconviction petition, the State suggested that the February 28, 2000, dismissal order "relate forward" to July 21, 2000. Judge Bakalis agreed, and he informed defendant of the basis for the denial of the petition and that defendant had 30 days from the date of the hearing (July 21, 2000) to file a notice of appeal. Defendant was presented with copies of the February 28 and July 21, 2000, orders in open court. The remaining relief requested by defendant in his motion to vacate judgment was denied. On August 8, 2000, defendant filed a *pro se* notice of appeal. Subsequently, the office of the State Appellate Defender was appointed to represent defendant on appeal.

Defendant first argues that this cause must be remanded for further proceedings pursuant to the Act because he was never sent a notice of the order dismissing his petition for postconviction relief by certified mail within 10 days of the order's entry as mandated by section 122—2.1(a)(2) of the Act. Defendant further notes that the Act requires the trial court to enter an order on a petition for postconviction relief within 90 days after the petition is filed and docketed (725 ILCS 5/122—2.1(a) (West 2000)) and that he filed his petition on February 10, 2000. Defendant argues that, by "relating forward" the dismissal order, the trial court effectively entered the final judgment on July 21, 2000. Defendant reasons that, since more than 90 days elapsed between the date he filed the petition and the date the court entered the final order denying it, the court could not properly dismiss the petition as frivolous and patently without merit. As a result, defendant seeks a reversal of the trial court order summarily dismissing his petition and a remand for further proceedings pursuant to sections 122—4 through 122—6 of the Act (725 ILCS 5/122—4 through 122—6 (West 2000)).

The State responds that although the original dismissal order "related forward" to July 21, 2000, it did not change the fact that the order was originally entered on February 28, 2000, which was within 90 days of the date defendant's petition was filed. The State asserts that the purpose of the 10-day service provision is to protect a defendant's right to appeal. The July 21, 2000, order, the State asserts, accomplished this goal. It rectified the failure to notify defendant of his right to appeal and permitted defendant to appeal. In any event, the State suggests that, because defendant's postconviction petition is meritless, a remand for further proceedings would be a waste of judicial resources.

■ The resolution of this issue involves a question of statutory construction, a question of law that is subject to *de novo* review (*People v. Hart*, 313 Ill. App. 3d 939, 941 (2000)). The cardinal rule of statu-

tory construction is to ascertain and give effect to the intent of the legislature. *People v. Swartwout*, 311 Ill. App. 3d 250, 262 (2000). The most reliable indicator of legislative intent is the plain language of the statute itself. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996).

■ Section 122—2.1 of the Act (725 ILCS 5/122—2.1 (West 2000)) governs the dismissal of postconviction petitions. That provision requires the trial court to examine and rule upon a postconviction petition within 90 days after the petition has been filed and docketed. 725 ILCS 5/122—2.1(a) (West 2000). The time frame outlined in section 122—2.1(a) for ruling upon a postconviction petition is mandatory. *People v. Porter*, 122 Ill. 2d 64, 85 (1988); *People v. Vasquez*, 307 Ill. App. 3d 670, 672 (1999). Moreover, section 122—2.1(a)(2) also provides:

> "(2) If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. *Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry.*" (Emphasis added.) 725 ILCS 5/122—2.1(a)(2) (West 2000).

If a petition is not dismissed pursuant to section 122—2.1, it must be docketed for further consideration in accordance with sections 122—4 through 122—6 of the Act. 725 ILCS 5/122—2.1(b) (West 2000).

■ In the case before us, the State concedes that defendant was not served by certified mail with the order dismissing his petition within 10 days of the order's entry. We conclude that the failure to comply with the 10-day service provision of section 122—2.1(a)(2) of the Act renders the dismissal order entered in the instant case void and requires a remand for further proceedings pursuant to the Act.

Even if, as the State asserts, the purpose of the 10-day service provision of section 122—2.1(a)(2) of the Act has been satisfied in this case, we note that section 122—2.1(a)(2) clearly provides that a petitioner for postconviction relief "shall" be served with the dismissal order by certified mail within 10 days of the entry of the order. The word "shall" is generally indicative of mandatory intent. *Porter*, 122 Ill. 2d at 85. Moreover, mandatory intent is also indicated where a statute prescribes the result that will occur if the specified procedure is not followed. *Porter*, 122 Ill. 2d at 85. As noted above, the Act expressly provides that if a petition is not dismissed pursuant to section 122—2.1, it must be docketed for further consideration in accordance with sections 122—4 through 122—6 of the Act. 725 ILCS 5/122—2.1(b) (West 2000).

It is well settled that the dismissal of a postconviction petition is

378

void if the trial court fails to comply with the provisions of section 122—2.1. *Porter*, 122 Ill. 2d at 86; *People v. Tarnow*, 249 Ill. App. 3d 797, 800 (1993); *People v. Rutkowski*, 225 Ill. App. 3d 1065, 1067 (1992). Here, the failure to serve defendant with the order dismissing his petition within the time frame mandated by section 122—2.1(a)(2) constituted a failure to comply with the statute and rendered the trial court's order of dismissal void. It necessarily follows that defendant's petition was not dismissed within the statutorily mandated 90 days and that the petition must be treated as if the court found that it was not frivolous or patently without merit. See *Tarnow*, 249 Ill. App. 3d at 800 (noting that, where trial court fails to rule upon a postconviction petition within the statutorily mandated time frame, the court has no authority to enter a judgment of summary dismissal). Accordingly, defendant's petition must be docketed for further consideration in accordance with sections 122—4 through 122—6 of the Act. 725 ILCS 5/122—2.1(b) (West 2000).

Based on our resolution of defendant's first argument, we need not address the remaining contentions he raises in this appeal.

In sum, we vacate the judgment of the circuit court of Du Page County and remand the cause to the trial court for further proceedings pursuant to sections 122—4 through 122—6 of the Act (725 ILCS 5/122—4 through 122—6 (West 2000)).

Judgment vacated; cause remanded with directions.

HUTCHINSON, P.J., and McLAREN, J., concur.