No. 2--00--0682 __________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE  ) Appeal from the Circuit Court

OF ILLINOIS,                    )  of Winnebago County.

) 

     Plaintiff-Appellee, )

  )  No. 87--CF--32

v.  )                                                                  )

DAVID A. CRANE,           )  Honorable

                                ) Michael R. Morrison, 

Defendant-Appellant. ) Judge, Presiding.

_________________________________________________________________

JUSTICE BYRNE delivered the opinion of the court:

In 1987, defendant, David A. Crane, was charged with first-degree murder (Ill. Rev. Stat. 1985, ch. 38, par. 9--1(a)(2) (now 720 ILCS 5/9--1(a)(2) (West 2000))).  Defendant was tried and convicted twice.  Each time, this court reversed the conviction and remanded for a new trial.  
People v. Crane
, 196 Ill. App. 3d 264 (1990), 
aff'd
, 145 Ill. 2d 520 (1991) (
Crane I
); 
People v. Crane
, No. 2--94--0692 (1996) (unpublished order under Supreme Court Rule 23) (
Crane II
).  In 1997, after a third trial, a jury convicted defendant of first-degree murder.  On appeal, we affirmed the conviction and defendant's 40-year prison sentence.  
People v. Crane
, 308 Ill. App. 3d 675 (1999) (
Crane III
).  Defendant then filed a petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 
et seq
. (West 2000)).  The trial court dismissed the petition summarily.  Defendant appeals.

On appeal, defendant makes three arguments.  First, defendant asserts that his petition raises the gist of a meritorious constitutional claim that our decision in 
Crane III
 denied defendant due process because, in rejecting defendant's claim of instructional error, we misstated the law and contradicted our holding in 
Crane II
.  Second, defendant maintains that, at his third trial, he was prejudiced by the trial court's incorrect assumption that it could impose an extended sentence if it found by a preponderance of the evidence that defendant's crime was accompanied by exceptionally brutal and heinous conduct indicative of wanton cruelty (see Ill. Rev. Stat. 1985, ch. 38, par. 1005--5--3.2(b)(2);  
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000)).  Third, defendant claims that the summary dismissal of his postconviction petition is void because the law  authorizing the dismissal (Pub. Act 83--942, eff. November 23, 1983) was passed in violation of the Illinois Constitution's single-subject clause (Ill. Const. 1970, art. IV, §8(d)).

We hold that (1) 
Crane III
 correctly stated long-standing law and did not deny defendant due process; (2) defendant has waived his 
Apprendi
-based argument; and (3) the law allowing summary dismissals of postconviction petitions was not passed in violation of the single-subject rule.  We affirm.

The long history of this case is well documented in our prior opinions and order
.  We recount those facts pertinent to the issues on appeal.  In 
Crane I
, defendant was charged with murdering Robert Gahan in that, without legal justification, defendant "beat and burned" Gahan, thereby causing Gahan's death.  The State alleged both that defendant acted with the intent to kill or do great bodily harm (see Ill. Rev. Stat. 1985, ch. 38, par. 9--1(a)(1)) and that defendant knew his acts created a strong probability of bodily harm (see Ill. Rev. Stat. 1985, ch. 38, par. 9--1(a)(2)).  Defendant's theory was that he was not guilty of murder because (1) he beat Gahan in self-defense; and (2) he burned Gahan only because he mistakenly believed that Gahan was already dead.  At trial, the court instructed the jury on the affirmative defense of self-defense but not on the affirmative defense of mistake of fact.  The jury convicted defendant on both counts.

On appeal, we held that defendant was denied a fair trial when the trial court refused to instruct the jury on mistake of fact.  We observed that there was evidence from which the jury could have found that when defendant burned Gahan, he believed that Gahan was already dead.  
Crane I
, 196 Ill. App. 3d at 269.  Had defendant believed the victim was dead when defendant "committed his acts of burning," he would have lacked the "requisite mental state for murder in connection with those acts."  
Crane I
, 196 Ill. App. 3d at 270.  Thus, had the jury believed "both the defendant's self-defense theory and his mistake-of-fact theory, there would [have been] no basis to convict him of murder for 'beating and burning' the victim."  
Crane I
, 196 Ill. App. 3d at 270.  Hence, fairness required the trial court to instruct the jury on defendant's mistake-of-fact defense.  
Crane I
, 196 Ill. App. 3d at 270. 

The supreme court affirmed.  Observing that some evidence supported defendant's mistake-of-fact defense, the court reasoned that, because "defendant's whole case rested upon the concepts of self-defense and mistake of fact,"  the failure to instruct the jury on mistake of fact as well as self-defense was prejudicial error.  
Crane I
, 145 Ill. 2d at 528.

Defendant was reindicted.  The indictment charged that, without lawful justification and either intending to kill Gahan or knowing that his acts created a strong probability of death or great bodily harm, defendant "beat and burned" Gahan and thus killed him.  
Crane II
, slip op. at 1.  On retrial, defendant introduced evidence that he beat Gahan in self-defense and that, when he burned Gahan, he mistakenly believed that Gahan was already dead.  The trial court instructed the jury on self-defense but refused to instruct the jury that it could convict defendant of aggravated battery as a lesser included offense of murder.  The jury convicted defendant of murder, finding that he knew that his acts created a strong probability of death or great bodily harm to Gahan.  
Crane II
, slip op. at 14.  On appeal, we held that the failure to give the instruction on aggravated battery was error because there was evidence to support a finding that defendant was guilty only of that offense.  In language upon which defendant now relies, we explained:

"[A]n aggravated battery instruction is warranted if there is some foundation that (1) Gahan did not die from the beating 
and
 (2) defendant mistakenly believed Gahan was dead when he burned him. [(Emphasis in original.)]

The above situation is the only one that would entitle defendant to an aggravated battery instruction.  This is true because if the beating resulted in death, defendant could only be found guilty of either involuntary manslaughter or murder.  As a result, no foundation for an aggravated battery instruction would exist and defendant's mistaken belief that Gahan was dead when he burned him would be of no moment.  
Furthermore, if the beating did not result in death, defendant could be found guilty of either murder or aggravated battery depending on whether defendant mistakenly believed Gahan was already dead when he burned him.  Defendant's mistaken belief would negate the requisite mens rea for murder
. This would permit a jury to find defendant guilty of aggravated battery in the beating of Gahan." (Emphasis added.)  
Crane II
, slip op. at 9-10.

The State reindicted defendant, alleging that he committed first-degree murder because, without legal justification and knowing that his acts created a strong probability of causing Gahan's death, he caused Gahan's death when he "beat and burned" Gahan.  At trial, defendant again introduced evidence that Gahan actually died of the burning and that defendant burned Gahan because he thought that Gahan had died from the beating.  Defendant also introduced evidence that the beating was justified as self-defense.  The jury convicted defendant, and he appealed.

On appeal, defendant argued that the jury instructions were deficient because they did not allow the jury to acquit defendant of murder if it rejected his self-defense argument but found that the burning caused Gahan's death and that defendant burned Gahan under the mistaken belief that Gahan was already dead.  
Crane III
, 308 Ill. App. 3d at 689-90.  We disagreed.  

In Crane III
, we held that, if defendant's beating of Gahan was unjustified, he was guilty of murder even if Gahan actually died from a burning that defendant inflicted without the mental state needed for murder.  We relied on the settled rule that a defendant commits murder if his criminal acts 
contribute
 to the victim's death.  
Crane III
, 308 Ill. App. 3d at 690, citing 
People v. Brackett
, 117 Ill. 2d 170, 176 (1987).  We also cited a recent  appellate court opinion holding that, if a defendant unjustifiably beats a victim and thereby contributes to her later death by drowning (or burning), he commits murder even if he administers the fatal drowning (or burning) under the mistaken belief that the victim is already dead.  
Crane III
, 308 Ill. App. 3d at 690, citing 
People v. Rollins
, 295 Ill. App. 3d 412, 418 (1998).

Defendant next filed his 
pro se
 postconviction petition.  He alleged primarily that our decision in 
Crane III
 denied him due process by announcing a "novel construction" of the murder statute and applying that "unforeseeable judicial enlargement" of the law retroactively to his case.  Defendant claimed that the murder statute, either facially or as construed by our courts, gave him no notice that he would be guilty of murder if he beat Gahan unjustifiably but actually killed Gahan by burning him in the mistaken belief that Gahan was already dead.  Defendant asserted further that 
Crane II
 held that under such circumstances defendant's mistaken belief would negate the 
mens rea
 for murder.

The trial court dismissed the petition summarily as frivolous.  Defendant timely appealed and filed a brief on the merits.  However, in a supplemental brief, defendant has asked us to remand the cause summarily for further proceedings on his petition.  Defendant claims that the summary dismissal order is void because, although he received a copy of the order, it was not sent by certified mail as section 122--2.1(a)(2) of the Act (725 ILCS 5/122--2.1(a)(2) (West 2000)) requires.  We disagree.

Section 122--2.1(a)(2) states that an order dismissing a postconviction petition summarily "shall be served upon the petitioner by certified mail within 10 days of its entry."  725 ILCS 5/122--2.1(a)(2) (West 2000)).  In 
People v. Redmond
, 328 Ill. App. 3d 373 (2002), we vacated the summary dismissal of a postconviction petition because the defendant did not receive the notice that this section requires.  The defendant claimed, and the State conceded, that he had not been given timely notice of the order and learned of the order indirectly more than two months after its entry.  
Redmond
, 328 Ill. App. 3d at 375.  

We held that the failure to comply with section 122--2.1(a)(2) made the summary dismissal void, and we remanded the cause for further proceedings under the Act (see 725 ILCS 5/122--4 through 122--6 (West 2000)).  We observed that under section 122--2.1(a)(2) timely service is mandatory.  
Redmond
, 328 Ill. App. 3d at 377.  Because the dismissal order was void for want of timely service, there had been no summary dismissal within the statute's 90-day window (see 725 ILCS 5/122--2.1(a) (West 2000)).  As a result, we required the trial court to docket the petition for further consideration.  
Redmond
, 328 Ill. App. 3d at 377.

We agree with the State that this case differs from 
Redmond
 and that any error was harmless.  In 
Redmond
, the defendant was not timely notified of the dismissal order and did not learn of it until after the 90-day period for entering a summary dismissal had expired.  Thus, the defendant was denied the timely notice the statute required and had no remedy except a summary remand for further proceedings on his petition.  Here, by contrast, the court immediately mailed defendant a copy of the order and defendant received the mailing in time to file a timely motion to reconsider.   Defendant notes correctly that the record does not prove that he received the order by 
certified
 mail.  However, because the court timely mailed the order and defendant received it promptly, section 122--2.1(a)(2)'s notice requirement wholly served its purpose and defendant suffered no prejudice.  The statute requires strict compliance, not empty formalism. 
 We decline to allow defendant to bypass the first stage of review under the Act and have appointed counsel redraft a petition that has been dismissed as frivolous.

We now turn to the merits.  We review 
de novo
 the summary dismissal of a postconviction petition.  
People v. Coleman
, 183 Ill. 2d 366, 388-89 (1998).  At the preliminary stage, a petition need present only the gist of a substantial claim that the defendant's constitutional rights were violated.  
People v. Fields
, 331 Ill. App. 3d 323, 328 (2002).  In deciding whether the petition meets this test, the trial court must accept as true all well-pleaded facts not positively rebutted by the trial record.  
People v. Fair
, 193 Ill. 2d 256, 260 (2000).

Defendant asserts first that his petition raises a meritorious claim that our opinion in 
Crane III
 denied him due process by changing the meaning of the murder statute and applying the new meaning retroactively to his third trial.  We disagree. 

The murder statute states only that a person commits murder if his criminal acts "cause death" to the victim (Ill. Rev. Stat. 1985, ch. 38, par. 9--1(a) (now 720 ILCS 5/9--1(a) (West 2000))).  The statute does not require proof that the criminal acts were the sole cause of death, and our courts have never read it that way.  
Crane III
 simply applied the long-standing principle that a person is guilty of murder if his criminal acts contribute to causing the victim's death, even if those acts are not the sole and immediate cause of death.  See 
People v. Brackett
, 117 Ill. 2d 170, 176 (1987); 
People v. Reader
, 26 Ill. 2d 210, 212-13 (1962); 
People v. Brown
, 57 Ill. App. 3d 528, 531-32 (1978); 
People v. Brown
, 9 Ill. App. 3d 730, 734-35 (1973).  

It follows that, long before his third trial,
 defendant was on notice that he would be guilty of murder if he beat Gahan without justification, knowing that the beating created a strong probability of death or great bodily harm to Gahan (see Ill. Rev. Stat. 1985, ch. 38, par. 9--1(a)(2)), and the beating contributed to causing Gahan's death.  Also, at defendant's 
second
 trial, the court instructed the jury that, to return a conviction of murder, it need only find only that defendant's criminal acts "were a contributing cause of death"; it need not find that those acts were "the sole and immediate cause of death."  If our holding in 
Crane III
 surprised defendant, it was not because we announced a new rule of law but because defendant was unacquainted with the law as it had been stated for decades, including at his second trial.

Under the circumstances of defendant's third trial, the instructions were proper and caused no prejudice.  If the jury found that defendant beat Gahan without justification, his alleged mistake of fact in burning Gahan would negate first-degree murder only if the beating did not  contribute to causing Gahan's death or defendant did not know that the beating would cause a strong probability of death.  However, the evidence was overwhelming that the beating of Gahan was severe and prolonged.  Defendant himself claimed that he thought the beating had killed Gahan.  The jury could not rationally fail to find both that defendant knew that the beating caused a strong probability of death and that the beating contributed to Gahan's death.  Thus, in 
Crane III
, we correctly stated that once the jury rejected self-defense as a justification for the beating, any argument that defendant burned Gahan because of a mistake of fact was moot.  
Crane III
, 308 Ill. App. 3d at 683. 

However, defendant maintains that 
Crane III
 contradicted our unpublished order in 
Crane II
 and deprived him of a defense that 
Crane II
 had given him.  Seizing on the language we have quoted, especially the emphasized passages, defendant asserts that 
Crane II
 held that he would not be guilty of murder if he beat Gahan unjustifiably but burned Gahan to death only under the mistaken belief that Gahan was already dead.

We do not agree.  If, 
arguendo
, defendant accurately states our holding in 
Crane II
, he could still not reasonably rely on an unpublished order while ignoring the statute itself and the binding opinions of our supreme and appellate courts.  However, we do not think defendant reads 
Crane II
 correctly.  In context, the language defendant cites does not have the broad meaning defendant gives it.

In 
Crane II
, the issue was whether the jury should have received an instruction on aggravated battery as a lesser-included offense of murder where it had already
 received an instruction on self-defense.  Because defendant had introduced some evidence to support his self-defense claim, we could not say that the jury had rejected defendant's claim that the beating was justified as self-defense.  The jury may have accepted the self-defense argument but still based the murder conviction on the burning.  As a result, the requested instruction on aggravated battery was necessary because a 
justified
 beating combined with a mistaken-belief burning would indeed negate the 
mens rea
 for murder.  

However, in 
Crane II
, we were never required to decide whether an 
unjustified
 beating combined with a burning done under a mistake of fact would negate the 
mens rea
 for murder.  That issue was not before us because we could not say that the jury had rejected defendant's self-defense claim.  Therefore, our order in 
Crane II
 need not be read to disregard established precedent implying that an unjustified beating that contributed to the victim's later death by burning would be a murder even if defendant had no murderous 
mens rea
 when he burned Gahan.

Finally on this issue, we observe that nothing in 
Crane I
 overruled existing law or foreclosed our holding in 
Crane III
.  In 
Crane I
, we distinctly held that defendant's mistake of fact in committing his "acts of burning" would negate the mental state for murder "
in connection with those acts
" and that defendant could not be convicted of murder "if the jury believed 
both
 the defendant's self-defense theory and his mistake-of-fact theory."  (Emphasis added.) 
Crane I
, 196 Ill. App. 3d at 270.  

The supreme court's opinion affirming our ruling does not disapprove this language or the long-standing case law on which it is based.  See 
Rollins
, 295 Ill. App. 3d at 418 (recognizing 
Crane I
 did not allow mistake-of-fact defense to negate mental state for murder if beating that contributed to death was unjustified).  Also, because the supreme court's opinion necessarily presupposed that defendant was entitled to an instruction on self-defense as a justification for the beating, it was not squarely confronted with the issue of whether an unjustified beating combined with a mistaken-fact burning would support a conviction of murder.

Because 
Crane III
 did not change or misstate the existing law, it did not deny defendant due process.  Therefore, the trial court rightly concluded that defendant's postconviction petition was frivolous insofar as it claimed otherwise.

Defendant's second argument on appeal relies on 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000).  Defendant concedes that his 40-year prison term does not itself violate 
Apprendi
 because the jury found, beyond a reasonable doubt, all the facts that the trial court needed to impose that sentence.  Nonetheless, defendant contends that under 
Apprendi
 the sentencing process was tainted.  We disagree. 

Defendant observes that because he was sentenced before 
Apprendi
 was decided, the trial court necessarily failed to realize that it could not use its own factual findings to impose a sentence more severe than the maximum to which the jury's verdict exposed defendant.  See 
Apprendi
, 530 U.S. at 495, 147 L. Ed. 2d at 458, 120 S. Ct. at 2365.  Thus, although the trial court did not impose an extended sentence based on its own finding that defendant's conduct had been exceptionally brutal or heinous (see Ill. Rev. Stat. 1985, ch. 38, par. 1005--5--3.2(b)(2)),
 the court assumed that it 
could
 do so.  Defendant reasons that had the trial court known of the 
Apprendi
 rule, it might have imposed a shorter sentence.   Defendant also claims that the trial court's incorrect perception of its sentencing options influenced defendant's strategy at the trial because it caused him to overestimate the likelihood that he would receive an extended sentence. 

Defendant did not raise these concerns in the postconviction petition that is the subject of this appeal.  Therefore, his argument is waived.  See 
People v. Barrow
, 195 Ill. 2d 506, 538 (2001).  Waiver aside, defendant's argument does not explain how his constitutional rights were violated because the trial court failed to anticipate the ruling in 
Apprendi
.  If there was no actual 
Apprendi
 violation, we cannot say that defendant was denied any constitutional rights by the trial court's lack of clairvoyance.  Moreover, defendant's allegations of prejudice are speculative.  He cites nothing in the record suggesting that the trial court believed that, under all the circumstances, defendant deserved any sentence less severe than his 40-year prison term.

We may summarily dispose of defendant's third contention of error.  We have already held that Public Act 83--942, which authorized trial courts to dismiss postconviction petitions summarily, was not passed in violation of the single-subject clause.  
People v. Vilces
, 321 Ill. App. 3d 937, 943-45 (2001).  Moreover, our supreme court has very recently adopted this holding, and we decline to depart from it.  See 
People v. Boclair
, No. 89388, slip op. at 13 (August 29, 2002).

The judgment of the circuit court of Winnebago County is affirmed.

Affirmed.

O'MALLEY and CALLUM, JJ., concur.