2026 IL App (2d) 250049
No. 2-25-0049
Opinion filed February 17, 2026

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,
v. KYLEN J. MAJOR, Defendant-Appellant.

Appeal from the Circuit Court of De Kalb County.
Honorable Philip G. Montgomery, Judge, Presiding.
No. 18-CF-490

JUSTICE MULLEN delivered the judgment of the court, with opinion.
Presiding Justice Kennedy and Justice Jorgensen concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Kylen J. Major, appeals an order treating his second postconviction petition as a successive petition and denying him leave to file the petition under section 122-1(f) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1(f) (West 2022)). Defendant contends that (1) because he did not receive proper notice of the judgment summarily dismissing his first postconviction petition (see *id.* § 122-2.1(a)(2); Ill. S. Ct. R. 651(b) (eff. July 1, 2017)), his second petition should be treated as an initial one and automatically advanced to the second stage of proceedings under the Act because the trial court did not rule on the petition within 90 days (see 725 ILCS 5/122-2.1(a)(2), (b) (West 2022)) and (2) alternatively, the second petition should be advanced to the second stage because it was not frivolous or patently without merit. Under either theory, defendant asks that we remand the cause for second-stage proceedings under the Act (see *id.* § 122-5). We affirm.

¶ 2                                     I. BACKGROUND

¶ 3      After a bench trial, defendant was convicted of committing armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2018)) and was sentenced to 25 years in prison, which included a mandatory 15-year add-on because he was armed with a firearm during the commission of the offense. See *id.* § 18-2(b). On appeal, he argued that the State failed to prove that he was armed when he robbed the victim. We affirmed. *People v. Major*, 2022 IL App (2d) 200197-U, ¶¶ 2, 38.

¶ 4      On November 29, 2023, defendant filed his *pro se* first petition (first petition), claiming that appellate counsel was ineffective for failing to argue that the mandatory 15-year add-on violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). On December 21, 2023, the trial court summarily dismissed the petition at a hearing at which defendant was not present. At the conclusion of the hearing, the court stated:

        "I'm instructing the court reporter to prepare a transcript of today's proceedings,
        and I'm instructing the clerk to mail those proceedings as well as a copy of this order to
        the defendant in the Department of Corrections.

        Thank you."

¶ 5      The half-sheet in the record on appeal contains two entries pertinent to the issue of notice. The first, dated December 26, 2023, reads, "12.21.23 Transcript Filed By Defendant Major Kylen J." The second, also dated December 26, 2023, reads, "Case note[.] [C]opy of transcript mailed to defendant on todays [*sic*] date." Nothing in the record establishes that the court's order dismissing the first petition was served on defendant or that defendant was advised of his right to appeal. Defendant never appealed the dismissal of his first petition and never requested leave to file a late notice of appeal (see Ill. S. Ct. R. 606(c) (eff. Dec. 7, 2023)).

¶ 6       On November 8, 2024, defendant filed *pro se* a document titled "Illinois Petition for Post-Conviction Relief Form." (second petition). The second petition did not reference the first petition. In his motion to proceed *in forma pauperis* and his proof of service and notice of filing, defendant referred to "the Attached Petition for Amended post-conviction Relief [*sic*]."

¶ 7       Neither defendant's second petition nor its accompanying filings sought leave to file. The second petition raised the same ineffective-assistance claim raised in the first petition and added claims that (1) appellate counsel was ineffective for not arguing that the State failed to prove that he was armed with a firearm during the commission of the offense, (2) the State allowed a witness to present false and misleading testimony, and (3) the trial court erred in denying him new counsel when he complained that his trial attorney was not consulting him in preparation for trial.

¶ 8       On January 9, 2025, the trial court entered an order titled "Ruling on Petitioner's Motion for Leave to File Successive Petition for Post-Conviction Relief." The court denied defendant leave to file a successive postconviction petition, finding that defendant met neither the cause-and-prejudice test of section 122-1(f) nor the actual-innocence standard of *People v. Sanders*, 2016 IL 118123, ¶ 24. The order contained a notice per Rule 651(b).

¶ 9       Defendant timely appealed.

¶ 10                                    II. ANALYSIS

¶ 11      The Act provides a procedural mechanism through which a defendant may assert a substantial denial of his constitutional rights in the proceedings which resulted in his conviction. 725 ILCS 5/122-1 *et seq.* (West 2022). The trial court may summarily dismiss a petition within 90 days after its filing if it determines the petition "is frivolous or is patently without merit." *Id.* § 122-2.1(a)(2). When the trial court summarily dismisses a postconviction petition, the Act provides that the court is to enter a "written order" within 90 days of the "filing and docketing" of the petition.

*Id.* The written order should specify "the findings of fact and conclusions of law [the court] made in reaching its decision." *Id.* "Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." *Id.* The court's judgment is considered entered on the date it is spread of record. *People v. Perez*, 2014 IL 115927, ¶ 15; see also Ill. S. Ct. R. 272 (eff. Jan. 1, 2018). If an order is not entered within 90 days, the petition advances to the second stage of proceedings under the Act (*Perez*, 2014 IL 115927, ¶ 29), where an indigent defendant can obtain appointed counsel and the State can move to dismiss the petition, or otherwise respond. 725 ILCS 5/122-2.1(b), 122-4, 122-5 (West 2022). At the second stage, the trial court decides whether the defendant has made a substantial showing of a constitutional violation, and if so, the defendant's petition proceeds to the third stage for an evidentiary hearing; if not, the petition is dismissed. *People v. Edwards*, 197 Ill. 2d 239, 246 (2001).

¶ 12    "The Act generally limits a defendant to one post-conviction petition." *People v. Holman*, 191 Ill. 2d 204, 210 (2000). "Successive postconviction petitions are disfavored under the Act[,] and a defendant attempting to institute a successive postconviction proceeding, through the filing of a second or subsequent postconviction petition, must first obtain leave of court." *People v. Gillespie*, 407 Ill. App. 3d 113, 123 (2010). To obtain leave of court to file a successive petition, a petitioner must either demonstrate "actual innocence" (*Sanders*, 2016 IL 118123, ¶ 24) or satisfy the cause-and-prejudice test codified in section 122-1(f) of the Act (725 ILCS 5/122-1(f) (West 2022)). "In this respect, section 122-1(f) of the Act acts as a procedural hurdle to any consideration of the claims in the postconviction petition." *People v. McDonald*, 405 Ill. App. 3d 131, 135 (2010). The trial court's denial of leave to file a successive petition, and its construction of the Act, are reviewed *de novo*. *People v. Little*, 2012 IL App (5th) 100547, ¶ 14.

¶ 13    Both the Act and supreme court rule provide for notice to defendants of court orders dismissing petitions under the Act. Section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2022)) states:

> "If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. *Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry*." (Emphasis added.)

¶ 14    Further, Illinois Supreme Court Rule 651(b) (eff. July 1, 2017) states:

> "Upon the entry of a judgment adverse to a petitioner in a postconviction proceeding, the clerk of the trial court shall at once mail or deliver to the petitioner a notice in substantially the following form:
>
> > 'You are hereby notified that on ____ the court entered an order, a copy of which is enclosed herewith. You have a right to appeal to the Illinois Appellate Court in the district in which the circuit court is located. If you are indigent, you have a right to a transcript of the record of the postconviction proceedings and to the appointment of counsel on appeal, both without cost to you. To preserve your right to appeal you must file a notice of appeal in the trial court within 30 days from the date the order was entered.' "

¶ 15    Here, defendant argues that the trial court erred in dismissing the second petition. Defendant does not contend that he satisfied either the cause-and-prejudice test of section 122-1(f) or the actual-innocence standard of *Sanders*. He argues instead that the second petition must be treated as an initial petition because, in the proceedings on the first petition, the trial court's failure

to comply with either section 122-2.1(a)(2) of the Act or Rule 651(b) denied him " 'one complete opportunity to show a substantial denial of his constitutional rights' " (*People v. Lieberman*, 186 Ill. App. 3d 277, 280-81 (1989) (quoting *People v. Logan*, 72 Ill. 2d 358, 370 (1978))), rendering those proceedings "deficient in some fundamental way" (*id.* at 281). Defendant requests that we remand the cause for second-stage proceedings on the second petition (see 725 ILCS 5/122-5 (West 2022)) because the 90-day period for first-stage ruling on the petition has passed and, thus, advancement to the second stage is automatic (*id.* § 122-2.1(a)(2), (b)). Alternatively, defendant contends that the second petition should be advanced to the second stage because its claims are sufficient to survive first-stage dismissal.

¶ 16     The predicate for both remand requests is that the second petition must be treated as an initial petition under the Act, with no need for defendant to satisfy the requirements for leave to file a successive postconviction petition. The State rejects that predicate. First, it contends that defendant has not shown that the proceedings on the first petition violated either section 122-2.1(a)(2) or Rule 651(b). Second, it contends that any such violation would not support the sole relief that defendant requests: treating the second petition as an initial petition.

¶ 17     To begin with, we decide whether the trial court in the 2023 proceeding violated either section 122-2.1(a)(2) or Rule 651(b) in ruling on the first petition. We note the December 26, 2023, half-sheet entries, indicating that the transcript was mailed to defendant. Half-sheet (or docket) entries (*People v. Joiner*, 2023 IL App (1st) 211553, ¶ 46), are "some evidence of certain legal events." *People v. Begay*, 2018 IL App (1st) 150446, ¶ 47 (citing *People v. Liekis*, 2012 IL App (2d) 100774, ¶ 33). In this case, they might suffice to show proper service of the transcript, but do not show that the written order dismissing the first petition was mailed to defendant at all, much less within the prescribed 10 days. Thus, although the record discloses that the transcript would

have informed defendant of the dismissal of the first petition, it does not disclose compliance with section 122-2.1(a)(2). And evidence of compliance with Rule 651(b) is nonexistent. The transcript shows the trial court instructed the clerk to mail defendant a copy of the transcript and a copy of its dismissal order, but it did not instruct the clerk to mail the required notice under Rule 651(b). The half-sheet does not state that the required notice was ever sent to defendant. Nothing else in the record does either.

¶ 18 The State does not raise a serious argument that the trial court complied with Rule 651(b) in the first proceeding. Instead, noting that the trial court in the *second* proceeding complied with the rule, the State argues that this proves that "*whenever* the circuit court clerk sends a defendant a copy of the trial court's ruling, the defendant is also notified of their appeal rights." (Emphasis added.) By the State's reasoning, compliance in one instance proves compliance in every case. We reject this. We therefore agree with defendant that the first trial court failed to comply with the notice requirements of Rule 651(b) and section 122-2.1(a)(2). The issue remains: what effect does this failure have on the present appeal?

¶ 19 The case law does not directly address the situation here. The cases that address noncompliance with section 122-2.1(a)(2) or Rule 651(b) do not hold that the entire postconviction proceeding should be considered a nullity. Conversely, those cases in which the appellate court required the trial court to treat a second postconviction as an initial, not successive, petition, do not involve violations of the statute or the rule.

¶ 20 Preliminarily, we note that the deficient service of notice to defendant did not render the judgment in the first proceeding *void*. While older case authority implies that it did (*People v. Redmond*, 328 Ill. App. 3d 373, 377-78 (2002)), the supreme court clearly held otherwise in *People v. Robin*son, 217 Ill. 2d 43 (2005). There, the court distinguished an untimely summary dismissal

under section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2022)), which is void, from the untimely provision of notice of a timely summary dismissal, which does not invalidate the judgment. See *Robinson*, 217 Ill. 2d at 55, 58-59; see also *People v. Griffin*, 2013 IL App (2d) 110631, ¶ 21.

¶ 21    We turn next to the cases on which defendant relies to argue that his second petition should be treated as an initial, not successive, petition. Those cases are distinguishable from the facts here. Defendant cites *People v. Sawczenko*, 328 Ill. App. 3d 888 (2002). There, in 1994, the defendant pleaded guilty to aggravated battery to a peace officer and was sentenced to five years in prison. *Id.* at 890. He did not file a direct appeal. *Id.* In 1997, he filed a *pro se* postconviction petition. *Id.* Eventually, the proceeding moved to the third stage on the defendant's amended petition *Id.* at 890-91. However, the defendant moved to withdraw the petition, based on his further research and his religious convictions. *Id.* at 891. After questioning and admonishing him and his postconviction counsel, the court granted the motion. *Id.*

¶ 22    In 2000, the defendant filed a second postconviction petition, alleging that postconviction counsel in the first proceeding was ineffective in various respects and that the defendant was "not in a proper frame of mind" when he moved to withdraw the first petition. *Id.* The second petition requested the reinstatement of the claims made in the first petition. *Id.* The trial court, without citing the requirements for leave to file a successive petition, summarily dismissed the second petition as frivolous. *Id.* at 892.

¶ 23    On appeal, as pertinent here, we considered whether the second petition should be considered an improper successive petition per section 122-1(f). *Id.* at 897. We declined to do so. *Id.* We explained that, because "[a] petitioner is to get one complete opportunity to show that his constitutional rights were substantially denied," a trial court may allow the filing of a successive

petition "when [the] proceedings on [the initial] petition were deficient in some fundamental way." *Id.* We held that, although "[n]othing in the record [of the proceedings on the first petition] indicate[d]" that those proceedings were deficient, the defendant's second petition alleged a fundamental deficiency in those former proceedings, in that counsel was ineffective for allowing him to withdraw the first petition without conferring with him sufficiently. *Id.* We then held that the trial court erred in summarily dismissing the second petition as frivolous, as the allegations incorporated from the first petition were not frivolous. *Id.* at 897-99. Therefore, we reversed and remanded the cause for second-stage proceedings on the second petition. *Id.* at 899.

¶ 24    The facts of *Sawczenko* are very different from those here. There, the deficiency in the first postconviction proceeding was in the prejudgment stage, and it tainted the judgment that allowed the defendant to withdraw the petition. Postconviction counsel's ineffectiveness in that proceeding prevented the defendant from getting any hearing at all on his petition, denying him a full and fair opportunity to show a denial of his constitutional rights. Here, by contrast, the trial court fully and fairly considered the merits of the first petition. Thus, defendant was not denied an opportunity to have his claim of a constitutional violation adjudicated, although he was denied the required notice of the judgment. Although this error potentially affected his ability to appeal the judgment, it is different in kind from the deficiency in *Sawczenko*. We cannot fairly characterize the denial of notice as a "fundamental" error.

¶ 25    Defendant also relies on *People v. Taylor*, 2022 IL App (2d) 190951. There, the defendant appealed after his conviction and sentence, but his appellate counsel withdrew. *Id.* ¶¶ 3-4. We gave the defendant a deadline by which to file his appearance or that of substitute counsel. *Id.* ¶ 4. When he missed the deadline, we dismissed the appeal. *Id.* The defendant then filed a petition under the Act, alleging that his appellate counsel was ineffective for failing to file a timely notice of

appearance, resulting in the dismissal of his appeal. *Id.* ¶ 5. While the petition was pending, we recalled the dismissal order and reinstated the defendant's appeal, thus essentially granting him the relief sought by his petition. *Id.* ¶ 6. (The defendant later moved to vacate the reinstatement of that appeal, and we granted the motion. *Id.* ¶ 6 n.3.) The trial court then *sua sponte* dismissed the petition as moot. *Id.* ¶ 7. The defendant appealed that order, but we ultimately dismissed the appeal because the defendant did not file a docketing statement or pay the filing fee. *Id.* ¶ 8 n.4.

¶ 26    The defendant then filed a second postconviction petition, claiming in part that but for appellate counsel's errors, the first appeal would have succeeded on the merits. *Id.* ¶ 9. The trial court dismissed the second petition for failure to comply with section 122-1(f). *Id.* ¶ 11. We reversed and remanded for proceedings on the petition's merits. *Id.* ¶¶ 36, 38. We held that the trial court erred in treating the second petition as a successive one. *Id.* ¶ 31.

¶ 27    First, we noted that the trial court could not treat the second petition as a successive petition, because the court's disposition of the first petition was not a proper first-stage dismissal. *Id.* ¶¶ 18, 24. We reasoned that dismissing the first petition as moot was not a determination that the petition was frivolous or patently without merit. *Id.* ¶ 24. Second, we held that, even if the dismissal had been on the merits, the second petition should not have been treated as a successive one. *Id.* ¶ 25. We considered this an even stronger case for reversal than *Sawczenko*. *Id.* ¶ 28. We noted that, unlike the defendant in *Sawczenko*, who was in court and played a part in the withdrawal of his first petition (see *Sawczenko*, 328 Ill. App. 3d at 891), the *Taylor* defendant's first petition was dismissed before he could withdraw it and without him or his counsel appearing in court or having any input. *Taylor*, 2022 IL App (2d) 190951, ¶ 28. Further, unlike the defendant in *Sawczenko*, the defendant in *Taylor* never received an opportunity to show that his constitutional rights were violated. *Id.* Finally, under the Act, the trial court must provide a petitioner with "one complete

opportunity to collaterally attack" (*id.* ¶ 29) the proceedings in the underlying case. However, the *Taylor* defendant's first petition "was not a true collateral attack on his conviction and sentence" (*id.* ¶ 31) but was filed only to restore the defendant's "fundamental" (internal quotation marks omitted) (*id.* ¶ 29) right to a direct appeal of his criminal conviction. We concluded that, because the second petition should have been treated as an initial petition and was not ruled on within the 90-day period (see 725 ILCS 5/122-2.1(a)(2), (b) (West 2018)), the dismissal must be reversed and the cause remanded for second-stage proceedings. *Taylor*, 2022 IL App (2d) 190951, ¶ 36.

¶ 28 Defendant also cites *Little*, 2012 IL App (5th) 100547, a case similar to *Taylor*. There, on remand from the defendant's direct appeal, the trial court resentenced him. *Id.* ¶ 4. The defendant's trial counsel failed to file a timely appeal of the resentencing. *Id.* ¶ 5. The defendant filed a postconviction petition, alleging that trial counsel rendered ineffective assistance for failing to preserve his right to a direct appeal. *Id.* ¶ 6. The trial court granted the petition and allowed a direct appeal. *Id.* ¶ 8. The appellate court affirmed the underlying judgment. *Id.*

¶ 29 The defendant then filed a second postconviction petition, raising numerous claims of procedural and substantive errors in his trial and sentencing. *Id.* ¶ 9. The trial court construed the petition as a request for leave to file a successive petition, and it denied the request. *Id.* ¶ 10. The appellate court vacated the judgment and remanded the cause for second-stage proceedings under the Act. *Id.* ¶ 27. The court explained that, when an initial petition seeks "only to reinstate the right to a direct appeal that was lost due to counsel's ineffectiveness," a second petition is not a successive one, because it is the defendant's first opportunity to seek collateral review of his conviction and sentence. *Id.* ¶ 19.

¶ 30 The present case does not resemble *Taylor* or *Little*. Here, defendant was not denied his right to a direct appeal. Indeed, he took that appeal through to its conclusion. None of the opinions

- 11 -

in which the appellate court held that a second petition must be treated as an initial, not successive, petition apply to a case of faulty notice of the judgment dismissing a first petition. Thus defendant offers no authority to support the relief he requests.

¶ 31     We turn to opinions that do consider whether, and in what form, to grant relief to a defendant who did not receive the required notice of the summary dismissal of his petition. These opinions do not address how such defective notice might affect the consideration of a second petition. They *do* hold that, if notice of the judgment was defective, and the defendant's ability to appeal timely was infringed, such that he filed a tardy appeal, the remedy is to treat his tardy appeal as a request for leave to file a late notice of appeal (see Ill. S. R. Ct. 606(c) (eff. Dec. 7, 2023)), grant the request, and consider the appeal on its merits. See *People v. Brewer*, 2021 IL App (1st) 182638, ¶ 38; *People v. Fikara*, 345 Ill. App. 3d 144, 158 (2003).

¶ 32     But defendant did not file a tardy appeal, nor does he request that remedy here. In fact, he rejects it, complaining that allowing a tardy appeal would needlessly increase appeals to this court, and contending that the interests of justice would be better served remanding for second-stage proceedings on the second petition. We cannot agree. Under the Act, "[a] [defendant] is to get one complete opportunity to show that his constitutional rights were substantially denied." *Sawczenko*, 328 Ill. App. 3d at 897. His first petition was that opportunity. If the result was unjust because he was not properly notified of the court's dismissal or of his right to appeal that ruling, it does not follow that he now has a second opportunity unencumbered by the requirements of the Act that he seek leave of court to file a successive petition and show either cause and prejudice (see 725 ILCS 5/122-1(f) (West 2022)) or actual innocence (see *Sanders*, 2016 IL 118123, ¶ 24). See *Gillespie*, 407 Ill. App. 3d at 123 ("Successive postconviction petitions are disfavored under the Act ***.").

Because defendant does not seek to appeal the judgment on the first petition, but instead asks us to reverse the judgment on the *second* petition, we must affirm.

¶ 33                                   III. CONCLUSION

¶ 34    For the reasons stated, we affirm the judgment of the circuit court of De Kalb County.

¶ 35    Affirmed.

*People v. Major*, 2026 IL App (2d) 250049

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of De Kalb County, No. 18-CF-490; the Hon. Philip G. Montgomery, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Christopher McCoy, and Patrick Hogan, of State Appellate Defender's Office, of Elgin, for appellant. |
| **Attorneys for Appellee:** | Riley N. Oncken, State's Attorney, of Sycamore (Patrick Delfino, Edward R. Psenicka, and Jenna Seaver, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |