*In re* MARRIAGE OF CAROL GARLINSKI, Petitioner-Appellee, and RICHARD GARLINSKI, Respondent-Appellant.

Second District    No. 80-890

Opinion filed August 4, 1981.—Rehearing denied September 14, 1981.

Donald W. Truckenbrod, of McHenry, for appellant.

James P. Hecht and H. Joseph Gitlin, both of Woodstock, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The death of a spouse following entry of an order of dissolution but prior to a determination of property rights provides the background for the issues here raised. The trial court first determined that the judgment of dissolution was not a final and appealable order, thus that the marriage had not been dissolved prior to the death of Richard Garlinski, the husband; and that the death abated the cause of action with respect to the property issues. However, following a motion to vacate on the part of the executor the trial court ruled that the marriage was, in fact, dissolved on August 28, 1979, but that the husband's death abated the cause as to remaining issues. The executor of the estate of Richard Garlinski appeals, contending that the court should proceed to a determination of property

rights with the executor substituted for the husband. The wife cross-appeals, contending that the judgment of dissolution did not terminate the marital status.

The parties were married on January 17, 1970. No children were born to the marriage. Carol Garlinski, the wife, filed a petition for dissolution of marriage. Upon hearing and pursuant to petition, the court on August 14, 1979, orally pronounced judgment of dissolution, reserving hearing on other matters. On August 28, 1979, a written judgment of dissolution was entered, signed by the judge with no mention of reservation of issues. The husband died on November 14, 1979.

On July 22, 1980, the husband's executor moved to substitute as party respondent. The court denied the motion on the same date and dismissed the case. In the order of dismissal the court stated that the August 28, 1979, order did not dissolve the marriage and that the husband's death abated the proceedings. The order also noted that the wife objected to the motion to substitute. On August 8, 1980, the husband's attorney filed a petition asking that the wife be ordered to pay his attorney fees and on August 21, 1980, the husband's executor filed a motion to vacate the July 22 order denying the motion to substitute the executor. This was followed on October 9, 1980, by another motion to vacate the July 22 order "in so far as it relates to awarding of attorney fees * * *." On October 14, 1980, the court granted the motion to vacate in part and denied it in part. The court decided that the marriage was dissolved on August 28, 1979, but that the husband's death abated the cause as to remaining issues. On the same date the court struck the petition for attorney's fees with leave to file an amended petition within 21 days. The notices of appeal and cross-appeal followed.

Following the appeal, on May 15, 1981, the wife filed a motion in this court for leave to file affidavits of three minute clerks which aver that the August 28, 1979, judgment was never entered in the official judgment and execution docket of the circuit clerk; and on May 22, 1981, the executor filed a motion to dismiss the cross-appeal on the grounds that the wife relied on and accepted the divorce decree by filing an inheritance tax return in which she stated that she was divorced on August 28, 1979, to which the wife filed objections. We ordered the motion to dismiss the cross-appeal and the motion for leave to file affidavits taken with the case.

■■ The wife initially argues that the August 28, 1979, judgment of dissolution never became final pursuant to Supreme Court Rule 272 (Ill. Rev. Stat. 1979, ch. 110A, par. 272). We find no applicability here since the written judgment dissolving the marriage was entered on the date of August 28, 1979, confirming an oral pronouncement previously made on August 14, 1979.

We also reject the wife's alternative argument that the judgment did not become final because it was not officially entered in the circuit court record. This is not a case where the judge required the submission of a form of written judgment when he made his oral pronouncement with none being later tendered. There was a written judgment thereafter signed by the trial judge and filed, not merely an entry in the court's minutes. These circumstances distinguish *Scott v. Dreis & Krump Manufacturing Co.* (1975), 26 Ill. App. 3d 971, 983, cited by the wife. The ministerial failure of the clerk to enter the judgment into his records does not affect the validity of the judgment.

■■ We also reject the executor's argument, raised by motion in this court, that the wife is estopped to attack the judgment because she filed an inheritance tax return stating she was divorced. Cases cited by the executor to the effect that one who relies upon a divorce decree is estopped to later challenge it (*Webb v. Webb* (1970), 130 Ill. App. 2d 618; *In re Marriage of Gryka* (1980), 90 Ill. App. 3d 443) are inapposite. In the cited cases a party remarried in reliance upon the divorce decree. Here, the executor does not allege that the wife received any benefits by virtue of filing the return as a divorced person. As a practical matter, the provision for a bifurcated hearing places the parties in the position that they must conduct their affairs in the interim period as either divorced persons or as married persons. If the initial judgment does not contain the language of appealability for an interlocutory judgment (Ill. Rev. Stat. 1979, ch. 110A, par. 304(a)), it is not appealable. Until the party challenging the divorce can appeal, the divorce judgment must be treated as binding. Here the wife had to file the inheritance tax return and could not represent herself as still married since her marriage was dissolved even if she planned to attack the judgment at a later time.

The wife finally argues that the dissolution judgment was void for failure to comply with the Illinois Marriage and Dissolution of Marriage Act as interpreted in *In re Marriage of Cohn* (1981), 94 Ill. App. 3d 732. We cannot agree.

Section 401(3) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 401(3)) states, as pertinent, that a judgment of dissolution "shall not be entered unless, to the extent it has jurisdiction to do so, the court has considered, approved, reserved or made provision for * * * the disposition of property." Concededly, the judgment order did not comply with this provision. However, in *Cohn*, we held that while these are mandatory requirements binding upon the parties and the court, they do not operate to limit the subject matter jurisdiction of a trial court and, in proper circumstances, may be considered waived where not raised in the trial court. 94 Ill. App. 3d 732, 740.

Here, the wife did not raise the issue in the trial court. While she

maintains that she attacked the judgment, there is nothing in the record to support this. The August 28 judgment was entered at the wife's behest and objection to its viability made for the first time on appeal. We conclude that the objection has been waived.

■■ Since we have concluded that the judgment of dissolution was final with respect to marital status, it follows that the proceedings on the property rights issues would not be abated as the result of the death of the husband. The rationale for the abatement doctrine is that marriage is a personal relationship and "death has settled the question of separation beyond all controversy." (*Bushnell v. Cooper* (1919), 289 Ill. 260, 264.) Here the parties were separated by what we have found to be a final judgment prior to the husband's death. The fact that the judgment was not immediately appealable does not alter the finality of the trial court's judgment of dissolution. Property issues survive the death of a party where the divorce decree is entered prior to his death. *Cross v. Cross* (1955), 5 Ill. 2d 456, 465.

The wife notes that alimony in gross did not survive in *Cross* and argues that the property division issue does not survive here because the property awards under the new act are functionally equivalent to alimony in gross under prior law. Her argument is not persuasive, because under the new act property and maintenance are separate questions and are based on very different considerations. It is consistent with the underlying rationale of the act to allow a party to claim a fair share of the property while finding that maintenance is barred by the death of the other party.

We therefore affirm that portion of the judgment of the trial court which determined that the judgment of dissolution was final as to the marital status of the parties. We reverse that portion of the judgment which determined that the death of the husband prior to the determination of property rights served to abate the cause with respect to the property issues, and remand the cause to the trial court with directions to proceed to a hearing on the issue of property rights, with the executor to be permitted to substitute for the deceased husband. The motions to dismiss, taken with the case, are denied.

Affirmed in part, reversed in part and remanded with directions.

LINDBERG and REINHARD, JJ., concur.