THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. GEORGE ROSS, Defendant-Appellant.

First District (3rd Division)   No. 1—01—2346

Opinion filed May 28, 2003.

Michael J. Pelletier and Scott F. Main, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, James E. Fitzgerald, and Linda Halperin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE WOLFSON delivered the opinion of the court:

Following a jury trial, defendant George Ross was found guilty of first degree murder and sentenced to 38 years in prison. The judgment was affirmed on direct appeal. *People v. Ross*, Nos. 1—97—4116, 1—98—0968 cons. (1999) (unpublished order under Supreme Court Rule 23). Defendant subsequently filed a *pro se* petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122 *et seq.* (West 2000)), which the trial court summarily dismissed as frivolous and patently without merit. On appeal, defendant contends that the summary dismissal was void because the trial court failed to rule on his petition within 90 days and did not notify him of the dismissal order within 10 days after its entry, as required by the Act. Defendant also contends that Public Act 83—942, effective November 23, 1983, which amended the Act to provide for summary dismissals, violates the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). We affirm.

Defendant does not challenge the sufficiency of the evidence to support his conviction. The State's evidence showed that at about 2:30 p.m. on June 10, 1996, several people, including the victim, Ryan Smith, were walking near a high school located at May and 103rd Streets in Chicago. Rodney Daniels and Shaun Jackson testified that defendant was standing in a bank parking lot across the street from the high school. Daniels and Jackson testified that Jonathon Johnson handed defendant a gun and told him to shoot. Defendant fired the gun once into the air and then shot five or six times into the crowd across the street. Smith fell to the ground, bleeding from a gunshot wound to his head. He was taken to the hospital, where he was pronounced dead. Daniels and Jackson identified defendant in a police lineup and at trial as the shooter.

Officer Louis Watkins testified that at about 2:30 p.m. on June 10, 1996, he was on furlough and washing his truck near May and 103rd Streets. Officer Watkins heard gunshots, looked, and saw defendant firing a gun. Defendant was still holding the gun when he ran toward Officer Watkins. Officer Watkins drew his gun and identified himself as a police officer. Defendant fled the scene, while codefendant Johnson dropped to the ground. Shortly thereafter, police arrived and spoke

with Johnson. The police officers then went to defendant's home and arrested him.

Following closing arguments, the jury found defendant guilty of first degree murder. He was sentenced to 38 years in prison.

Defendant appealed his conviction and his assistant public defender filed a motion for leave to withdraw, pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), in which he argued that no issues of merit exist warranting argument on appeal. This court found no issues of arguable merit, granted the public defender's motion for leave to withdraw, and affirmed the judgment. *People v. Ross*, Nos. 1—97—4116, 1—98—0968 cons. (1999) (unpublished order under Supreme Court Rule 23).

Defendant filed a *pro se* postconviction petition on October 30, 2000, alleging ineffective assistance of trial counsel. The trial court found that defendant's petition was time-barred because he did not file his petition within the statutory time limit. The court nevertheless addressed defendant's claims and found them to be frivolous and patently without merit. The written order summarily dismissing defendant's postconviction petition was dated January 19, 2001, but file-stamped February 1, 2001. The report of proceedings from February 1, 2001, shows that the trial court made the following statements:

> "This order is signed. It is down here from January the 19th. This will be, the petition for post-conviction relief is dismissed, and it is frivolous and patently without merit, pursuant to Chapter 725, Illinois Compiled Statutes, Act 5, Section 122—2.1—A, Parentheses 2. That will be, nunc pro tunc from 1-19-01.
>
> I signed the order on the 19th, and they were in the court file. Evidently, the person on the 19th, didn't realize they were in there, so that is why it got today. So the clerk is directed to mail a certified copy of the order to the defendant within 30 days from today's date."

On February 6, 2001, a copy of the order dismissing his postconviction petition was mailed to defendant. On July 18, 2001, this court granted defendant's motion for leave to file a late notice of appeal.

Defendant appeals, contending that the trial court's summary dismissal of his *pro se* postconviction petition is void because the court failed to enter the dismissal order within 90 days of the petition being filed as required by section 122—2.1(a) of the Act.

■ Section 122—2.1(a) of the Act provides that "[w]ithin 90 days after the filing and docketing of each petition the court shall examine such petition and enter an order thereon pursuant to this Section." 725 ILCS 5/122—2.1(a) (West 2000). This statutory period of 90 days

is mandatory, and failure to meet this requirement renders the dismissal void. See *People v. Porter*, 122 Ill. 2d 64, 84-85, 521 N.E.2d 1158 (1988).

■ In this case, the record indicates that the trial court examined defendant's *pro se* postconviction petition and summarily dismissed it on January 19, 2001, within the 90-day statutory period. However, the trial court read the written order into the record on February 1, 2001, *nunc pro tunc* January 19, 2001.

Although the trial court characterized its order as *nunc pro tunc*, the judgment summarily dismissing defendant's petition was entered when the court signed the order on January 19, 2001. See *People v. Redman*, 122 Ill. App. 3d 787, 791-92, 462 N.E.2d 21 (1984) (holding that the rendition of a judgment is a judicial act, while the entry of a judgment upon the record by the clerk is a ministerial act). "The ministerial failure of the clerk to enter the judgment into his records does not affect the validity of the judgment." *In re Marriage of Garlinski*, 99 Ill. App. 3d 107, 109, 425 N.E.2d 22 (1981). Defendant does not suggest what action, in addition to signing the order, the trial court was required to perform to comply with the Act's requirement that the court "enter an order" on the petition. 725 ILCS 5/122—2.1(a) (West 2000). We conclude that by signing the dismissal order within 90 days, the trial court "entered" an order within the meaning of the Act.

Defendant next contends that the order dismissing his *pro se* postconviction petition was void because the trial court failed to serve him with timely notice of its decision as mandated by subsection 122—2.1(a)(2) of the Act.

■ Subsection 122—2.1(a)(2) of the Act provides:
"If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." 725 ILCS 5/122—2.1(a)(2) (West 2000).

In *People v. Porter*, 122 Ill. 2d 64, 82, 521 N.E.2d 1158 (1988), the Illinois Supreme Court interpreted section 122—2.1(a), specifically the meaning of the word "shall." The court determined that generally the word "shall" indicates a mandatory requirement, but a different interpretation can also be reached depending on the purpose and context of the statute. As previously stated, the court held that the time requirement for summary dismissals set forth in section 122—2.1(a) is mandatory and failure to meet that provision renders the dismissal void. *Porter*, 122 Ill. 2d at 84-85.

However, the supreme court made an important distinction when interpreting the written order requirement in subsection 122—2.1(a)(2). The purpose of the written order requirement is to facilitate appellate review of a summary dismissal. If the court fails to specify its findings in a written order, the defendant is not prejudiced because the dismissal will be reviewed on appeal. *Porter*, 122 Ill. 2d at 82. Furthermore, the statute does not state that a dismissal should be held void if the written order requirement is not followed. *Porter*, 122 Ill. 2d at 82.

More importantly, the court concluded that the written order provision of subsection 122—2.1(a)(2) must be read as permissive or directory in order to preserve the constitutionality of the statute. *Porter*, 122 Ill. 2d at 82-83. If the subsection was deemed mandatory, it would impinge on the court's exercise of judicial discretion and thereby violate the doctrine of separation of powers. *Porter*, 122 Ill. 2d at 82-83; *People v. Price*, 144 Ill. App. 3d 949, 951, 495 N.E.2d 517 (1986). Accordingly, the supreme court held that the written notice requirement in subsection 122—2.1(a)(2) is not mandatory, and the failure to serve written notice to defendant does not render the dismissal void. *Porter*, 122 Ill. 2d at 82; *Price*, 144 Ill. App. 3d at 951-52.

Defendant contends that the trial court's failure to meet the notice provision of subsection 122—2.1(a)(2) renders the dismissal void based on the Second District Appellate Court's decision in *People v. Redmond*, 328 Ill. App. 3d 373, 767 N.E.2d 838 (2002). Initially, the trial court in *Redmond* summarily dismissed the defendant's postconviction petition but failed to send him written notice of the dismissal within 10 days; however, upon the defendant's motion to vacate the dismissal, the trial court " 'relate[d] forward' " the dismissal date to preserve the defendant's right to appeal. As a result, the revised date of the summary dismissal was not within the 90-day period. *Redmond*, 328 Ill. App. 3d at 376-77.

On appeal, the court in *Redmond* vacated the dismissal. The court held the word "shall" indicates mandatory intent and that failure to follow the mandatory written notice requirement rendered a dismissal void. *Redmond*, 328 Ill. App. 3d at 377-78, citing *Porter*, 122 Ill. 2d at 85. In doing so, the court did not discuss the supreme court's explicit holding that the written order requirement was an exception to the general rule and, due to the separation of powers doctrine, must be interpreted as "directory" rather than mandatory. See *Porter*, 122 Ill. 2d at 82-83. Instead, the Second District held that *every* provision in section 122—2.1 is mandatory, and the failure to serve defendant with a written order within the time period rendered the dismissal void. *Redmond*, 328 Ill. App. 3d at 378. Based on the supreme court's deci-

sion in *Porter*, we decline to adopt the court's holding in *Redmond* to this case and find the trial court's dismissal of defendant's petition is not void despite the court's failure to serve notice of the order within 10 days of its entry.

■ Because defendant was allowed to appeal the dismissal, he was not prejudiced by the trial court's failure to serve notice of its decision within 10 days of entry. Although given the opportunity, defendant does not challenge the trial court's ruling on the merits of his postconviction petition. We conclude the trial court did not err in dismissing the petition.

■ Finally, defendant's initial brief raises a claim that Public Act 83—942, effective November 23, 1983, which amended the Act to provide for summary dismissals, violated the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, § 8(d)). However, in his reply brief, defendant concedes that the Illinois Supreme Court has recently held that Public Act 83—942 does not violate the single subject clause. *People v. Boclair*, 202 Ill. 2d 89, 113 (2002). Accordingly, defendant's claim is without merit.

For the above stated reasons, we affirm the judgment of the circuit court.

Affirmed.

SOUTH, P.J., and HOFFMAN, J., concur.