# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***People v. Perez*, 2013 IL App (2d) 110306**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. IVAN PEREZ, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0306 |
| Filed | March 19, 2013 |
| Held<br><br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The order dismissing defendant's postconviction petition alleging the denial of effective assistance of appellate counsel was void on the ground that the dismissal was not issued within 90 days of the date the petition was filed as required by statute and the cause was remanded for second-stage proceedings, notwithstanding the fact that the trial court signed an order dismissing the petition as frivolous and patently without merit on the ninetieth day after the petition was filed, since the circuit clerk did not stamp the order as "filed" until a day later, and that date, as reflected by the circuit clerk's stamp, satisfied the essential elements for effective court action. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 04-CF-694; the Hon. T. Jordan Gallagher, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on
Appeal

Alan D. Goldberg, and Allison L.S. Shah, both of State Appellate Defender's Office, of Chicago, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HUTCHINSON delivered the judgment of the court, with opinion.

Justice McLaren concurred in the judgment and opinion.

Justice Hudson dissented, with opinion.

**OPINION**

¶ 1     Defendant, Ivan Perez, appeals the first-stage dismissal of his postconviction petition. He contends that the order dismissing his petition is void because the trial court failed to issue the dismissal within 90 days of the petition's filing. In the alternative, defendant contends that the trial court erred when it dismissed his petition, because he presented an arguable claim that he was denied the effective assistance of appellate counsel where counsel failed to raise a meritorious issue on direct appeal. The State responds that the court's dismissal was timely and, further, that defendant's petition was frivolous and was not verified by affidavit. We determine that the trial court's judgment was not rendered within 90 days and was therefore untimely. We reverse and remand for second-stage proceedings.

¶ 2     In November 2004, a grand jury indicted defendant for the offense of murder. In February 2007, following a jury trial, defendant was found guilty. The trial court sentenced defendant to 60 years' imprisonment. On direct appeal, this court affirmed the judgment and sentence. See *People v. Perez*, No. 2-07-0347 (2009) (unpublished order under Supreme Court Rule 23).

¶ 3     On November 9, 2010, defendant filed a *pro se* postconviction petition. Among other things, defendant alleged that he was denied the effective assistance of appellate counsel. The common-law record reflects that the trial court signed a document titled "ORDER" that was dated February 7, 2011. The contents of the order reflect that the trial court reviewed the petition; that it found that defendant had not raised any new claims of innocence or alleged a valid argument regarding a denial of constitutional rights; that it found that the petition was "frivolous and patently without merit and is dismissed"; and that the trial court thereafter ordered the circuit clerk to send a copy of the order to defendant and all counsel of record by certified mail within 10 days. The order bears a stamp by the circuit clerk indicating that it was "filed" February 8, 2011.

¶ 4        On March 25, 2011, defendant filed his notice of appeal. On April 22, 2011, this court allowed defendant leave to file a late notice of appeal.

¶ 5        Defendant first contends that the order dismissing his postconviction petition is void because the trial court failed to dismiss the petition within the 90-day statutory period. See 725 ILCS 5/122-2.1(a) (West 2010). Defendant argues that the date stamped by the circuit clerk, February 8, 2011, is the date on which the order was "publicly expressed" and is therefore the effective date of the order. Defendant concludes that the petition was dismissed on February 8, 2011, 91 days after it was filed. The State counters that the trial court signed and dated the order on February 7, 2011, which was 90 days after defendant's postconviction petition was filed and that thus the trial court's dismissal was timely.

¶ 6        In a noncapital case, the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 *et seq.* (West 2010)) establishes a three-stage process for adjudicating a postconviction petition. At the first stage, the trial court must independently review the petition within 90 days of its filing to determine whether it is either frivolous or patently without merit. *People v. Tate*, 2012 IL 112214, ¶ 9 (citing *People v. Hodges*, 234 Ill. 2d 1, 10 (2009)); see 725 ILCS 5/122-2.1(a)(2) (West 2010). This 90-day requirement is mandatory, and a trial court's noncompliance with the time requirement renders a summary dismissal order void. *People v. Swamynathan*, 236 Ill. 2d 103, 113 (2010) (citing *People v. Brooks*, 221 Ill. 2d 381, 389 (2006)). We review *de novo* a trial court's first-stage dismissal of a postconviction petition. *Tate*, 2012 IL 112214, ¶ 10 (citing *People v. Brown*, 236 Ill. 2d 175, 184 (2010)).

¶ 7        As is relevant here, section 122-2.1 of the Act provides:

"(a) Within 90 days after the filing and docketing of each petition, the court shall examine such petition and enter an order thereon pursuant to this Section.

***

(2) If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." 725 ILCS 5/122-2.1(a)(2) (West 2010).

¶ 8        In the present case, the record clearly reflects that the trial court examined the postconviction petition within the statutory 90-day period. The trial court also signed and dated a written order within the statutory 90-day period. According to section 122-2.1(a)(2) of the Act, "[s]uch order of dismissal is a final judgment." On the surface, then, it would appear that the trial court's February 7, 2011, date controls to establish that the postconviction petition was acted upon in a timely manner pursuant to the provisions of the Act.

¶ 9        However, such a superficial review lends no justice to the parties, the courts, or the legal profession. Our supreme court's rules dictate that an order is a judgment (Ill. S. Ct. R. 2(b)(2) (eff. May 30, 2008)) and that judgments are, generally, effective as of the date of filing (Ill. S. Ct. R. 272 (eff. Nov. 1, 1990)). See *Cirro Wrecking Co. v. Roppolo*, 153 Ill. 2d 6, 14 (1992). Under this scenario, then, it would appear that the circuit clerk's February 8, 2011,

filing date controls to establish the effective date of the judgment, which would result in an untimely action taken on defendant's postconviction petition.

¶ 10    Resolution of this issue turns on the date the trial court's judgment was rendered and became effective. Both Rule 2(b)(2) and section 122-2.1(a)(2) of the Act reference the term "judgment." Historically, our supreme court defined "judgment" as " 'the official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination.' " *People ex rel. Schwartz v. Fagerholm*, 17 Ill. 2d 131, 134 (1959) (quoting Black's Law Dictionary 976-77 (4th ed. 1951)). "It is the expression of the court's decision that constitutes the rendition of the judgment." *Id.* at 134. The *Fagerholm* court held that, to be effective, a judgment must be "expressed publicly, in words, and at the situs of the proceeding." *Id.* at 135. The *Fagerholm* court considered the interests of the parties and the public and stated, "to protect such interests it is necessary that they be apprised that a decision has been made by the judge and what the decision is. They would be so apprised when it has been expressed publicly, in words and at the situs of the case." *Id.* at 136. Further, a judgment "becomes public at the situs of the proceeding when it is filed with the clerk of the court." *Id.* at 137.

¶ 11    Before *Fagerholm*, judgments at law were valid when pronounced by the court, while equitable decrees were not effective until reduced to writing. See, *e.g.*, *Freeport Motor Casualty Co. v. Tharp*, 406 Ill. 295, 399 (1950) ("[R]endering a judgment" is the judicial act of the trial court in pronouncing its ruling or finding in the controversy. (Emphasis omitted.)). In enacting Rule 272 (Ill. S. Ct. R. 272 (eff. Nov. 1, 1990)), our supreme court has since eliminated the distinction. Rule 272 discusses when a judgment is entered and provides:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge ***, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." *Id.*

Despite the enactment of Rule 272, however, the *Fagerholm* court's determination with respect to the essential elements needed for effective court action continues to be sound; that is, public expression, in words, and at the situs of the proceeding. *Granite City Lodge No. 272, Loyal Order of the Moose v. City of Granite City*, 141 Ill. 2d 122, 126-27 (1990) (citing *Fagerholm*, 17 Ill. 2d at 135).

¶ 12    With these principles in mind, we now turn to the circumstances in the present case. Neither party represents that the trial court conducted a hearing on February 7, 2011, and neither party represents that a report of proceedings exists for February 7, 2011. Therefore, our review is limited to the contents of the common-law record. The common-law record reflects that, on February 7, 2011, the trial court reviewed the postconviction petition and determined that the petition was frivolous and without merit. On that date, according to the common-law record, the trial court signed a document titled "ORDER" reflecting the dismissal of the petition.

¶ 13    What the common-law record does *not* reflect, however, is the presence of any party, any party's counsel, or any other court personnel on February 7, 2011. Because "public expression" is an essential element for effective court action (see *id.* (citing *Fagerholm*, 17 Ill. 2d at 135)) and "[i]t is the expression of the court's decision that constitutes the rendition of the judgment" (*Fagerholm*, 17 Ill. 2d at 134), we can conclude only that, contrary to the State's position and the dissent's, the trial court's judgment was not rendered on February 7, 2011.

¶ 14    With no public expression of the trial court's ruling, therefore, we examine the common-law record to determine when a notation of the judgment occurred. See Ill. S. Ct. R. 272 (eff. Nov. 1, 1990). According to the common-law record, the February 7, 2011, order bears a stamp by the circuit clerk indicating that it was "filed" February 8, 2011. This "filing" by the circuit clerk satisfies all of the essential elements for effective court action. See *id.*; *Granite City Lodge No. 272*, 141 Ill. 2d at 126-27 (citing *Fagerholm*, 17 Ill. 2d at 135). Upon our review, therefore, we determine that the trial court's judgment was rendered on February 8, 2011.

¶ 15    Because the trial court's judgment on defendant's postconviction petition was not rendered within the statutory 90-day period, it is untimely and therefore void. See 725 ILCS 5/122-2.1(a)(2) (West 2010).

¶ 16    Our decision is consistent with supreme court and other reviewing court decisions. In *People v. Hansen*, 2011 IL App (2d) 081226, the defendant's motion to reconsider was denied in a written order dated November 5, 2008; the order was not file-stamped until November 10, 2008. *Id.* ¶ 3. The defendant's notice of appeal was postmarked December 10, 2008. *Id.* ¶ 4. On appeal, the State claimed that, based on the trial court's date of November 5, 2008, the defendant's notice of appeal was untimely and jurisdiction was lacking. *Id.* ¶ 6. This court held that the written order "was not publicly expressed at the situs of the proceeding until it was filed with the clerk on November 10, 2008." *Id.* ¶ 8. We explained that to hold that the earlier date was the order's effective date "would create an untenable result, as defendant would have lost his ability to appeal under certain scenarios." *Id.*

¶ 17    In *Dunn v. Patton*, 307 Ill. App. 3d 375 (1999), the trial court entered its judgment on December 5, 1997, according to the file-stamp date on the order; however, the record sheet did not reflect the order's entry until June 29, 1998. *Id.* at 378-79. Although the defendants received copies of the order in December 1997, the plaintiff did not. *Id.* at 379. The plaintiff learned of the order in June 1998 and filed a notice of appeal on July 27, 1998. Relying on our supreme court's precedent in *Granite City Lodge* and *Fagerholm*, the reviewing court determined that the effective date of the trial court's judgment was June 29, 1998, and not the December 5, 1997, date when the judge signed and dated the order. *Id.* at 378-79. The reviewing court explained that, despite the plaintiff's diligent efforts to ascertain the status of the case, "the December judgment was not made public, in words, at the situs of the proceedings, until June 29, 1998," and "[t]herefore, the effective date of the judgment was June 29, 1998." *Id.* at 379.

¶ 18    In *In re Marriage of Garlinski*, 99 Ill. App. 3d 107 (1981), the trial court made an oral pronouncement on August 14, 1979, dissolving the parties' marriage, but it reserved hearing

on other matters. *Id.* at 108. On August 28, 1979, a written judgment of dissolution of marriage was entered and signed by the trial court, but it made no mention of the other matters. *Id.* On November 14, 1979, the husband died, and the trial court dismissed the case. *Id.* On appeal, this court reversed and remanded, holding that the judgment of dissolution became final on August 28, 1979, because it was written and entered on that date, and because it confirmed the August 14, 1979, oral pronouncement of the dissolution. *Id.*

¶ 19 In *People v. Ortega*, 106 Ill. App. 3d 1018 (1982), the defendant was arrested for driving under the influence of alcohol, and he refused to submit to a breath test. The circuit court clerk notified the defendant that his driver's license would be suspended unless he requested a hearing. *Id.* at 1020. The defendant requested a hearing, and the trial court conducted the hearing on June 11, 1980. *Id.* At the conclusion of the hearing, the trial court orally stated its findings and struck the State's petition. *Id.* The court then set a "trial date" for August 21, 1980, but on June 25, 1980, the State filed a notice of appeal. *Id.* The defendant challenged jurisdiction, arguing that the June 11, 1980, order was not final because it had not been properly certified by the clerk to show that it portrayed an official record. *Id.* at 1021. The reviewing court examined the transcript of the proceedings and rejected the defendant's argument. *Id.* The reviewing court explained that "[t]he rendition of a judgment is the judicial act by the court at the time it makes its pronouncement and entry of the judgment on the record is simply a ministerial act performed by the clerk," and it determined that the June 11, 1980, order was "of record" and constituted a final and appealable order. *Id.* at 1021-22.

¶ 20 In *Cirro Wrecking*, 153 Ill. 2d 6, our supreme court considered the validity of an appellate court's order when only two of the three justices who considered the appeal were actually in office at the time the order was entered. *Id.* at 14. The defendants argued that the resignation of one of the two concurring justices became effective on August 1, 1991, but that the order from the appellate court clerk's office indicated that the order was not entered until August 6, 1991, thus making the order untimely and invalid. *Id.* at 14-15. In rejecting the defendants' argument, our supreme court explained the difference between a trial court's rendering a judgment and the clerk's entry of a judgment. It stated, "a judgment otherwise properly rendered during the pendency of a judge's term is valid even though it is actually entered by the clerk following the trial judge's vacation of office. That must be so because the judicial authority reposed in a trial judge in the proper functioning of his office in rendering judgment cannot be dependent upon the ministerial function of the court's clerk in recording that fact." *Id.* at 16 (citing *In re Estate of Young*, 414 Ill. 525 (1953)).

¶ 21 The parties also discuss *People v. Ross*, 339 Ill. App. 3d 580 (2003). In *Ross*, the trial court summarily dismissed the defendant's postconviction petition as frivolous and patently without merit. *Id.* at 582. The trial court's order summarily dismissing the defendant's postconviction petition was dated January 19, 2001; the order was file-stamped February 1, 2001. *Id.* The defendant appealed, arguing that the summary dismissal was void because it was not file-stamped within 90 days as required by section 122-2.1(a) of the Act. *Id.*

¶ 22 The reviewing court examined the report of proceedings from February 1, 2001, and noted that the trial court made the following statements regarding the date of dismissal:

" 'This order is signed. It is down here from January the 19th. This will be, the petition

for post-conviction relief is dismissed, and it is frivolous and patently without merit ***. That will be, nunc pro tunc [*sic*] from 1-19-01.

I signed the order on the 19th, and they were in the court file. Evidently, the person on the 19th, didn't realize they were in there, so that is why it got today.' " *Id.*

¶ 23 The reviewing court concluded, "[i]n this case, the record indicates that the trial court examined [the] defendant's *pro se* postconviction petition and summarily dismissed it on January 19, 2001, within the 90-day statutory period." *Id.* at 583. The reviewing court further stated that "the judgment summarily dismissing [the] defendant's petition was entered when the court signed the order." The court concluded that "by signing the dismissal order within 90 days, the trial court 'entered' an order within the meaning of the Act." *Id.*

¶ 24 All of the foregoing cases support our rationale in determining when effective court action has occurred and a judgment has been properly rendered. In *Hansen*, the reviewing court looked to when the written order was "publicly expressed at the situs of the proceeding." *Hansen*, 2011 IL App (2d) 081226, ¶ 8. In *Dunn*, the reviewing court determined that the record supported a finding that the trial court's December 1997 judgment was not effective until June 1998, thereby rejecting the notion that a court's signature and date are all that is required for an effective judgment. See *Dunn*, 307 Ill. App. 3d at 378-79. In *Garlinski*, the reviewing court reviewed the record and considered the trial court's oral pronouncement of its decision and its memorialization in determining whether the trial court's decision was a final judgment. In *Ortega*, the reviewing court examined the transcript of the proceedings to determine that the trial court's oral pronouncement of its judgment at the conclusion of a hearing was "of record" and constituted a final and appealable order. *Ortega*, 106 Ill. App. 3d at 1021-22. In *Cirro Wrecking*, our supreme court noted that the proper rendering of a trial court's judgment was not dependent upon the clerk's recording of the judgment. *Cirro Wrecking*, 153 Ill. 2d at 16. And last, in *Ross*, the reviewing court examined the transcript of the trial court's comments, wherein the court explained the action it took on the postconviction petition, in determining that the petition was acted upon in a timely manner. *Ross*, 339 Ill. App. 3d at 582-83.

¶ 25 As the reviewing courts did in *Hansen*, *Dunn*, *Garlinski*, *Ortega*, *Cirro Wrecking*, and *Ross*, we too examine the entire record to determine when the court action in dispute became effective. In doing so, we consider the elements of effective court action: a public expression, in words, and at the situs of the proceeding. See *Granite City Lodge No. 272*, 141 Ill. 2d at 126-27 (citing *Fagerholm*, 17 Ill. 2d at 135). In the present case, the record reflects that no hearing or public court appearance occurred on February 7, 2011, unlike the circumstances in *Ross*, where the record included a transcript of the trial court's explanation of its action. In other words, the *Ross* court had a record confirming the effective date of the judgment, despite the administrative oversight. The common-law record in the present case contains no explanation or commentary to support a February 7, 2011, public expression of the trial court's action. We, therefore, must conclude that the public expression of the trial court's action occurred, thus satisfying the elements of effective court action, on February 8, 2011, when the order was filed with the circuit clerk.

¶ 26 Our decision is consistent with the spirit and purpose of the Act, which was intended to

allow persons under criminal sentences to assert that they were subjected to a substantial denial of their rights under the United States Constitution or the Illinois Constitution, or both. *People v. Brooks*, 233 Ill. 2d 146, 153 (2009); *People v. Davis*, 54 Ill. 2d 494, 496 (1973). Our decision is consistent with supreme court precedent, *i.e.*, *Granite City Lodge No. 272* and *Fagerholm*, which requires review of the entire record before determining when a trial court's judgment was rendered. See *Granite City Lodge No. 272*, 141 Ill. 2d at 126-27; *Fagerholm*, 17 Ill. 2d at 135. Our decision also protects a defendant's right to appeal in a timely manner (see *Hansen*, 2011 IL App (2d) 081226, ¶ 8), and we reject the State's argument and the dissent's position that an effective dismissal occurs merely upon the trial court's signing the order.

¶ 27    In so holding, we remark briefly on the dissent's position and its ramifications. The dissent seems to take the position that section 122-2.1(a) of the Act requires the trial court only to examine the petition and enter an order within the 90-day period and that the trial court complied with that mandate on February 7, 2011. See *infra* ¶ 42 (Hudson, J., dissenting). The dissent would allow a trial court to sign an order on the ninetieth day and hold it *in camera* for days, months, or even years, and thus effectively deny a petitioner seeking relief under the Act the right to timely appeal the adverse order. The dissent's position is squarely at odds with our supreme court's positions in *Granite City Lodge No. 272* and *Fagerholm*, and with the *Dunn* court's thoughtful examination of an analogous circumstance. See *Dunn*, 307 Ill. App. 3d at 378-79.

¶ 28    We determine that the dismissal was not timely rendered and is therefore void. Because we are remanding for second-stage proceedings, defendant will have the benefit of counsel to amend the petition, the State will have an opportunity to respond, and the trial court will rule accordingly. Therefore, we decline to consider defendant's second contention. See *Tate*, 2012 IL 112214, ¶¶ 26-27.

¶ 29    For the reasons set forth above, we reverse the judgment of the circuit court of Kane County and remand the cause for further proceedings.

¶ 30    Reversed and remanded.

¶ 31    JUSTICE HUDSON, dissenting.

¶ 32    At issue in this appeal is whether defendant is entitled to have the first-stage dismissal of his postconviction petition reversed and the cause remanded for second-stage proceedings, when the trial court signed and dated a written order of dismissal within the statutory 90-day period, but the order was not filed by the clerk of the circuit court until after the statutory 90-day period had expired. The majority concludes that, for purposes of section 122-2.1(a) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-2.1(a) (West 2010)), the trial court's written order was not entered until it was "publicly expressed" and that the order was not "publicly expressed" until the clerk of the circuit court file-stamped the order. *Supra* ¶¶ 13-16. Since the clerk of the circuit court did not file-stamp the written order until after the expiration of the statutory 90-day period, the majority holds that the trial court's order is void and that defendant is entitled to have his petition docketed for further consideration.

-8-

*Supra* ¶¶ 15-16, 27. I disagree with the majority's interpretation of section 122-2.1(a). I find that the trial court complied with the mandate set forth in section 122-2.1(a) because it signed and dated the dismissal order within the statutory 90-day period. Accordingly, I respectfully dissent.

¶ 33 Section 122-2.1(a) of the Act provides in pertinent part:

"(a) Within 90 days after the filing and docketing of each [postconviction] petition, the court shall examine such petition and enter an order thereon pursuant to this Section.

\*\*\*

(2) If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." 725 ILCS 5/122-2.1(a) (West 2010).

When presented with an issue of statutory interpretation, the primary objective is to ascertain and give effect to the intent of the legislature. *People v. Jasoni*, 2012 IL App (2d) 110217, ¶ 13. The most reliable indicator of the legislature's intent is the plain language of the statute itself. *Jasoni*, 2012 IL App (2d) 110217, ¶ 13. If the statute does not provide a definition indicating a contrary legislative intent, words in a statute are given their plain, ordinary, and popularly understood meanings. *People v. Davis*, 2012 IL App (2d) 100934, ¶ 14. Moreover, a statute should not be interpreted to impose a condition that the legislature did not enact or to render any part of the statute meaningless or superfluous. *Commonwealth Edison Co. v. Illinois Commerce Comm'n*, 398 Ill. App. 3d 510, 523 (2009).

¶ 34 In determining whether the summary dismissal of a postconviction petition is timely, section 122-2.1(a) of the Act (725 ILCS 5/122-2.1(a) (West 2010)) references two dates of significance. The first date of significance is the "filing and docketing" of the petition, which commences the statutory period. The second date of significance is the date the trial court "enter[s] an order" on the petition. An order is timely under section 122-2.1(a) if it is entered by the trial court within 90 days after the petition is filed and docketed. As noted above, in this case, the majority concludes that the trial court's written order of dismissal was not timely "entered" because the clerk of the circuit court file stamped the order 91 days after defendant's postconviction petition was filed and docketed, notwithstanding that the written order was signed and dated within the statutory period. *Supra* ¶¶ 13-16. In so holding, the majority reads into the statute a requirement that the legislature did not intend–a requirement that the clerk of the circuit court file the trial court's written order within the statutory period or that the trial court's order be publicly expressed in some other manner. See *Commonwealth Edison Co.*, 398 Ill. App. 3d at 523 (noting that a statute should not be interpreted to impose a condition that the legislature did not enact). Had the legislature intended the timeliness of the trial court's order to depend on the date it is filed by the clerk of the circuit court or on some other public expression, it could have easily stated so. It did not.

¶ 35 In essence, the majority construes the term "enter" as used in section 122-2.1(a) as if it

were synonymous with the term "filing." However, I find compelling the fact that the legislature already used the term "filing," in conjunction with the word "docketing," to designate when the statutory period commences. Quite simply, the legislature's use of distinct terms in section 122-2.1(a), *i.e.*, "filing," "docketing," and "enter," serves to underscore the proposition that it intended those terms to have different meanings. See *Peoria Disposal Co. v. Illinois Pollution Control Board*, 385 Ill. App. 3d 781, 795 (2008). Illustrative of this point is *People v. Floyd*, 210 Ill. App. 3d 840 (1991). In *Floyd*, the court recognized that the period set forth in section 122-2.1(a) of the Act commences "not simply when a petition is filed, but when it is filed and *docketed*." (Emphasis in original.) *Floyd*, 210 Ill. App. 3d at 843. Thus, the *Floyd* court held that a postconviction petition is "filed" for purposes of section 122-2.1(a) when it passes into the actual physical possession of the clerk of the circuit court and that it is "docketed" when the clerk takes some ministerial action upon receipt of the petition, *e.g.*, makes an entry into the record sheet. *Floyd*, 210 Ill. App. 3d at 842-43; see also *People v. Brooks*, 221 Ill. 2d 381, 390-91 (2006) (noting that the term "docket" "connotes that the cause is entered on the court's official docket for further proceedings"). The fact that the terms "filing" and "docketing" as used in section 122-2.1(a) have been interpreted to have different meanings strongly supports the argument that the word "enter" as used in section 122-2.1(a) must have a meaning distinct from either one of those terms.

¶ 36 Neither the term "enter" nor the term "file" is defined in the Act. According to Black's Law Dictionary, the term "enter" signifies "[t]o put formally before a court or on the record." Black's Law Dictionary 552 (7th ed. 1999). The verb "file" means "[t]o deliver a legal document to the court clerk or record custodian for placement into the official record." Black's Law Dictionary 642 (7th ed. 1999). Here, the trial court formally placed its decision on the record on February 7, 2011, when it signed and dated the written order of dismissal. While the order was not placed into the official record until February 8, 2011, when the clerk of the court file-stamped it, section 122-2.1(a) does not require the order to be *filed* within the statutory period. Because the order was signed and dated within 90 days after defendant's petition was filed and docketed, I am compelled to conclude that the order was timely entered in accordance with the express provisions of the Act. See *People v. Harris*, 224 Ill. 2d 115, 141 (2007) (noting that the Act merely requires the court "to make" its first-stage order within 90 days after filing and docketing).

¶ 37 I note that this conclusion is consistent with *People v. Ross*, 339 Ill. App. 3d 580 (2003). In *Ross*, the defendant filed a *pro se* postconviction petition on October 30, 2000. On January 19, 2001, the trial court signed a written order summarily dismissing the petition as frivolous and patently without merit. The clerk of the court did not file-stamp the court's written order until February 1, 2001. With respect to its ruling on the petition, the trial court made the following remarks in open court on February 1, 2001:

> " 'This order is signed. It is down here from January the 19th. This will be, the petition for post-conviction relief is dismissed, and it is frivolous and patently without merit, pursuant to [section 122-2.1(a)(2) of the Act]. That will be, nunc pro tunc [*sic*] from 1-19-01.
>
> I signed the order on the 19th, and they were in the court file. Evidently, the person

on the 19th, didn't realize they were in there, so that is why it got today. So the clerk is directed to mail a certified copy of the order to the defendant within 30 days from today's date.' " *Ross*, 339 Ill. App. 3d at 582

The defendant appealed, arguing, *inter alia*, that the summary dismissal was void because the trial court did not rule on his petition within the 90-day period required by section 122-2.1(a) of the Act.

¶ 38    The *Ross* court rejected the defendant's position, stating:

"In this case, the record indicates that the trial court examined defendant's *pro se* postconviction petition and summarily dismissed it on January 19, 2001, within the 90-day statutory period. However, the trial court read the written order into the record on February 1, 2001, *nunc pro tunc* January 19, 2001.

Although the trial court characterized its order as *nunc pro tunc*, the judgment summarily dismissing defendant's petition was entered when the court signed the order on January 19, 2001. See *People v. Redman*, 122 Ill. App. 3d 787, 791-92 *** (1984) (holding that the rendition of a judgment is a judicial act, while the entry of a judgment upon the record by the clerk is a ministerial act). 'The ministerial failure of the clerk to enter the judgment into his records does not affect the validity of the judgment.' *In re Marriage of Garlinski*, 99 Ill. App. 3d 107, 109 *** (1981). Defendant does not suggest what action, in addition to signing the order, the trial court was required to perform to comply with the Act's requirement that the court 'enter an order' on the petition. 725 ILCS 5/122-2.1(a) (West 2000). We conclude that by signing the dismissal order within 90 days, the trial court 'entered' an order within the meaning of the Act." *Ross*, 339 Ill. App. 3d at 583.

¶ 39    The majority distinguishes *Ross*, explaining that in the present case "the record reflects that no hearing or public court appearance occurred on February 7, 2011, unlike the circumstances in *Ross*, where the record included a transcript of the trial court's explanation of its action." *Supra* ¶ 25. The majority also states that "[t]he common-law record in the present case likewise contained no explanation or commentary to support a February 7, 2011, public expression of the trial court's action." *Supra* ¶ 25. I fail to see how the after-the-fact explanation provided by the trial court in *Ross* sufficiently distinguishes that case from the present one. The trial court in *Ross* explained its prior actions in open court on February 1, 2001. The court stated that on January 19, 2001, it signed the order of dismissal and placed it in the court file, but the clerk of the court did not realize at that time that the order was ready to be filed. Significantly, I find no evidence that when the trial court in *Ross* dated and signed the order of dismissal on January 19, 2001, it did so at a hearing or otherwise in the presence of the parties or the public. In interpreting *Ross*, the majority conflates the trial court's February 2001 explanation and its January 2001 order of dismissal. However, the *Ross* court concluded that the date in January, when the trial court signed the order of dismissal, controlled. *Ross*, 339 Ill. App. 3d at 583. Thus, unlike my colleagues, I find *Ross* virtually indistinguishable from the facts in this case.

¶ 40    The majority concludes that interpreting section 122-2.1(a) of the Act to provide that a dismissal order is entered on the date it is signed and dated by the trial court is "superficial"

and "lends no justice to the parties, the courts, or the legal profession." *Supra* ¶ 9. The majority then discusses *People ex rel. Schwartz v. Fagerholm*, 17 Ill. 2d 131 (1959), for the proposition that the trial court's order summarily dismissing defendant's postconviction petition was not effective until it was " 'expressed publicly, in words, and at the situs of the proceeding.' " *Supra* ¶ 10 (quoting *Fagerholm*, 17 Ill. 2d at 136).

¶ 41      *Fagerholm* was a *mandamus* action. The appellants in that case alleged that, when the trial court rendered its decision, it did so while sitting in De Kalb County, even though the underlying proceedings occurred in Kane County. The appellants alleged that since the trial court was not "in the proper forum, the purported order is null and void." *Fagerholm*, 17 Ill. 2d at 134. The *Fagerholm* court announced a general rule that "a judgment at law becomes effective when it is announced in open court, or in the absence of such pronouncement, when it is reduced to writing, approved by the judge and filed for record." *Fagerholm*, 17 Ill. 2d at 137. Here, however, we are concerned with a statutory scheme that provides for a specific form of procedure. Notably, section 122-2.1(a) requires the trial court to "enter an order" on the petition within the statutory time frame and provides that, if the court determines that the petition is frivolous or patently without merit, the court's written order of dismissal constitutes a "final judgment." 725 ILCS 5/122-2.1(a) (West 2010).

¶ 42      The majority also notes that, prior to *Fagerholm*, judgments at law were valid when pronounced by the court, while equitable decrees were not effective until reduced to writing. *Supra* ¶ 11 (citing *Freeport Motor Casualty Co. v. Tharp*, 406 Ill. 295, 299 (1950)). The majority then references Illinois Supreme Court Rule 272 (eff. Nov. 1, 1990), which eliminated this distinction. *Supra* ¶ 11. To the extent that the majority relies on Rule 272, I find its reliance misplaced. Rule 272 resolves which order takes precedence when a trial court orally rules, indicates that a written order will be entered later, and subsequently enters a written order. This is not what occurred in this case. The majority also states that its decision is consistent with other court decisions cited by the parties. However, with the exception of *Ross*, which, as discussed above, I find directly on point, none of the cases discussed by the majority involved the interpretation of section 122-2.1(a) of the Act.

¶ 43      I find unwarranted the majority's concern that my interpretation of section 122-2.1(a) would deny a petitioner seeking relief under the Act the right to timely appeal. *Supra* ¶ 27. Section 122-2.1(a)(2) of the Act (725 ILCS 5/122-2.1(a)(2) (West 2010)) requires the order of dismissal to be served upon the petitioner by certified mail "within 10 days of its entry." This court has held that the failure to comply with the 10-day service provision of section 122-2.1(a)(2) renders the dismissal order void and requires a remand for further proceedings pursuant to the Act. *People v. Redmond*, 328 Ill. App. 3d 373, 377-78 (2002). Thus, if a court were to enter an order on the ninetieth day after the petition was filed and "hold it *in camera* for days, months, or even years" (*supra* ¶ 27), the petitioner would be entitled to have the petition docketed for further consideration in accordance with sections 122-4 through 122-6 of the Act. See 725 ILCS 5/122-2.1(b) (West 2010); *Redmond*, 328 Ill. App. 3d at 377-78.

¶ 44      In closing, while the majority believes that the better practice would be to ensure that an order of dismissal is *filed* within 90 days after a postconviction petition is filed and docketed with the clerk of the circuit court, the plain language of section 122-2.1(a) requires only that the trial court "examine" the petition and "enter an order thereon" within the 90-day period.

The trial court complied with this mandate when it signed and dated the dismissal order on February 7, 2011. It is not within our province to rewrite or add a condition to a statutory enactment, irrespective of how laudable the intended result might be. As such, I cannot join in the majority's conclusion that the trial court's order of dismissal in this case is void.