**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230131-U

Order filed October 15, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| | ) | Appeal No. 3-23-0131 |
| v. | ) | Circuit No. 18-CF-2283 |
| | ) | |
| FRANCIS P. McHENRY, | ) ) | Honorable Amy M. Bertani-Tomczak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ALBRECHT delivered the judgment of the court.
Justices Holdridge and Hettel concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court retained jurisdiction to enter a sentencing order correcting the amount of defendant's presentence custody credit.

¶ 2    Defendant, Francis P. McHenry, appeals the Will County circuit court's *nunc pro tunc* sentencing order vacating his presentence electronic monitoring credit. Defendant contends that the court lacked jurisdiction to enter the order because it was issued more than 30 days after judgment. We affirm.

¶ 3                                I. BACKGROUND

¶ 4    Following a bench trial, defendant was convicted of aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2018)) and aggravated domestic battery (*id.* § 12-3.3(a)). Defendant's sentencing hearing was held on January 26, 2023. At the hearing, the court sentenced defendant to concurrent terms of eight and six years' imprisonment, respectively. After the court stated that defendant would receive 784 days of presentence custody credit, defense counsel requested 736 additional days of presentence credit for the time defendant spent on electronic monitoring while on bond. The State objected, arguing defendant was ineligible for monitoring credit because the applicable statute did not apply to pretrial release. The court ordered that defendant receive a total presentence custody credit of 1520 days, including the additional electronic monitoring credit over the State's objection.

¶ 5    After a recess, the State requested the court reconsider its ruling as to the electronic monitoring credit, arguing that the offense of aggravated battery with a firearm statutorily excluded defendant from receiving the credit. Defense counsel responded that the statute referenced by the State applied to eligibility for bail conditions, not to credits. The court ordered the parties to brief the issue and stayed the mittimus. The docket entry for the sentencing hearing that day indicates defendant was sentenced and disposition entries on the same date reflect the same terms of imprisonment and credits stated by the court during the hearing.

¶ 6    On February 3, 2023, the State filed a motion to reconsider, arguing that defendant did not meet the statutory criteria to be eligible for electronic monitoring credit because he was on bond, was not being supervised by an authorized authority, and had no curfew or restrictions on his movement other than to stay away from the victim and a listed residential address. Defendant filed a response arguing that he was supervised by the probation department and the court had the statutory authority to grant the credit even if defendant was not subject to home confinement.

2

¶ 7        On February 28, 2023, the court granted the State's motion to reconsider after hearing the parties' arguments. At the conclusion of the hearing, the court entered a written judgment order omitting the electronic monitoring credit and reducing the presentence custody credit to 784 days. The order indicated that it was entered *nunc pro tunc* to January 26, 2023. Both a notice of appeal and order appointing the Office of the State Appellate Defender later filed on March 28, 2023, listed the sentencing and final judgment date in the case as January 26, 2023.

¶ 8                                        II. ANALYSIS

¶ 9        On appeal, defendant argues the circuit court lacked jurisdiction when it entered the *nunc pro tunc* order more than 30 days after imposing his sentence and that the order's reduction in presentence custody credit unlawfully increased his sentence. As a threshold matter, the parties dispute the date defendant's sentence was first imposed. Defendant asserts his sentence was imposed at the initial sentencing hearing in January, while the State contends his sentence was not imposed until the *nunc pro tunc* order was entered on February 28, 2023.

¶ 10        In criminal cases, the sentence is the final judgment. *People v. Ross*, 2018 IL App (3d) 160478, ¶ 8. "The effective date of a final judgment is the date on which the court's action is publicly expressed, in words and at the situs of the proceeding." *People v. Hansen*, 2011 IL App (2d) 081226, ¶ 7 (*abrogated on other grounds by People v. English*, 2023 IL 128077). The determination of the effective date of judgment contemplates the entirety of the record. *People v. Perez*, 2013 IL App (2d) 110306, ¶ 25.

¶ 11        Our review of the record reflects that defendant's sentence was imposed at the sentencing hearing on January 26, 2023. During the hearing, the court stated it was sentencing defendant to concurrent terms of eight and six years' imprisonment and ordering 1520 days of presentence custody credit, including 736 days of electronic monitoring credit over the State's objection. The

3

docket entry and notice of appeal further indicate that defendant was sentenced on that date. See Ill. S. Ct. R. 272 (eff. Jan. 1, 2018) (judgment effective at the time it is entered into the record). Additionally, the February 28 order lists January 26, 2023, as the date of defendant's sentence.

¶ 12　　　　Defendant contends the State's motion to reconsider did not toll the 30-day jurisdictional period because the State cannot appeal a sentencing order. The State concedes that it may not challenge the propriety of a defendant's sentence and argues that its motion substantively requested authorized relief under Illinois Supreme Court Rule 472 (eff. May 17, 2019) because it sought to correct a calculation error in defendant's presentence electronic monitoring credit.

¶ 13　　　　A circuit court ordinarily loses jurisdiction to hear a cause 30 days following the entry of a final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 8. However, Rule 472 provides that the court retains jurisdiction to correct certain sentencing errors *sua sponte* or on the motion of any party, including errors in the calculation of presentence credit. Ill. S. Ct. R. 472(a)(3) (eff. May 17, 2019). Here, defendant initially received 1520 days of presentence custody credit, which included 736 days for time spent on electronic monitoring pursuant to section 5-4.5-100(b) of the Unified Code of Corrections (730 ILCS 5/5-4.5-100(b) (West 2022)). Section 5-4.5-100(b) provides, in part, that:

> "[T]he trial court shall give credit to the defendant for time spent in home detention on the same sentencing terms as incarceration as provided in Section 5-8A-3 (730 ILCS 5/5-8A-3). Home detention for purposes of credit includes restrictions on liberty such as curfews restricting movement for 12 hours or more per day and electronic monitoring that restricts travel or movement." *Id.*

Specifically, home detention is defined as "the confinement of a person convicted or charged with an offense to his or her place of residence under the terms and conditions established by the supervising authority. *Id.* § 5-8A-2(C).

¶ 14    As a condition of bond, defendant's monitoring lacked the element of confinement necessary to be considered home detention. See *People v. Donahue*, 2022 IL App (5th) 200274, ¶ 21. Defendant's movement was only minimally restricted, and he was not subject to any confinement. Additionally, defendant's electronic monitoring was supervised by the probation department, but the terms and conditions of defendant's monitoring were established by the circuit court. *Id.* ¶ 32. Therefore, defendant was ineligible for the credit he received under section 5-4.5-100(b) because his time spent on electronic monitoring did not qualify as home detention under the statute.

¶ 15    Consequently, the State's motion to reconsider asked the court to reduce the amount of presentence custody credit to reflect the correct number of days defendant was entitled to receive in accordance with the statute. Although not explicitly raised as a Rule 472 motion, the relief sought therein is substantively consistent with the remedy available in the rule. See *People v. Patrick*, 2011 IL 111666, ¶ 34 ("Generally, the character of a motion is determined by its content or substance, not by the label placed on it by the movant."). As "any party" may claim an error in the calculation of presentence custody credit under Rule 472, the State is permitted to seek a correction of such credit, even when it results in a reduction. *People v. Joyner*, 2022 IL App (2d) 210045, ¶ 33. In *Joyner*, the circuit court granted the State's Rule 472 motion to reduce defendant's presentence credit after discovering he was only eligible for 1502 days rather than the 3002 days he initially received. *Id.* ¶¶ 17-18. The Second District affirmed the judgment, holding that Rule 472 "allows upward or downward adjustments to presentence-custody credit as are necessary to

conform the sentence to the law." *Id.* ¶ 33. The court further concluded that a reduction in credit pursuant to the rule does not violate the statutory prohibition against increasing a defendant's sentence (see 730 ILCS 5/5-4.5-50(d) (West 2020)) where the court corrects the amount of credit to which defendant is entitled. *Joyner*, 2022 IL App (2d) 210045, ¶¶ 29-32.

¶ 16       Accordingly, the court retained jurisdiction under Rule 472 when it entered the February 28, 2023, order correcting the presentence credit to the amount that defendant was entitled. This reduction in presentence custody credit does not increase defendant's sentence and "does not contravene the bar against increasing a sentence once imposed." See *id.* ¶ 30.

¶ 17       In coming to this conclusion, we note that the court mischaracterized its February 28, 2023, order reducing defendant's presentence custody credit as a *nunc pro tunc* order. Although a court retains jurisdiction to use a *nunc pro tunc* order to correct clerical errors, the correction to the calculation of credit here was not a clerical error. See *People v. Jones*, 2016 IL App (1st) 142582, ¶ 12. Notwithstanding, the court retained jurisdiction to enter the order under Rule 472. See *People v. Fukama-Kabika*, 2023 IL 128824, ¶¶ 23-25 (incorrect *nunc pro tunc* designation is not fatal to an amended order correcting a sentencing error where the court retains jurisdiction pursuant to Rule 472).

¶ 18                                      III. CONCLUSION

¶ 19       The judgment of the circuit court of Will County is affirmed.

¶ 20       Affirmed.